## Case No. 14,923.

### UNITED STATES v. DAVIS.

[6 Blatchf. 464.] [1]

Circuit Court, S. D. New York. June 18, 1869.

DISTRICT ATTORNEY—DIRECTIONS FROM ATTORNEY GENERAL—TRIAL—REMOVAL OF PRISONER DURING TRIAL—NEW TRIAL.

1. Whether the attorney general has power to give a direction to a district attorney, in respect to his official action in regard to an indictment found by a grand jury, and presented by such grand jury to the court, for its action thereon, quere.

2. Such a direction, if given, is for the district attorney alone, and does not control the court.

3. Where the court refused to allow a prisoner, indicted for perjury, to read, in opposition to the motion of the district attorney to proceed with the trial of the indictment against him, a letter from the attorney general to the district attorney, directing the latter to allow the prisoner an opportunity to place himself beyond the jurisdiction of the court, and also refused to allow the prisoner to show that he had not been afforded such opportunity, and the trial was proceeded with, and the prisoner was convicted: Held, on a motion in arrest of judgment and for a new trial, that no error was committed.

. 4. Where a prisoner, indicted for perjury, was put upon his trial, and was present, with his counsel, during the empanelling of the jury, and during a portion of the opening of the case to the jury by the district attorney, and was then removed from the court-room, by order of the court, to an adjoining room, with liberty of access for his counsel, because he persisted in interrupting the district attorney, in a loud voice, although admonished by the court to refrain, and the opening by the district attorney proceeded and was concluded during the prisoner's absence, and the prisoner was present during the rest of the trial, and was convicted: Held, on a motion in arrest of judgment and for a new trial, that no error was committed.

[Cited in Gore v. State (Ark.) 12 S. W. 565. Cited in brief in Sahlinger v. People, 102 Ill. 243. Cited in Shular v. State, 105 Ind. 300, 4 N. E. 870; State v. Hope (Mo.) 13 S. W. 494.]

This was a motion [by George B. Davis] in arrest of judgment, and for a new trial.

BENEDICT, District Judge. The defendant, who was indicted for having committed perjury in an affidavit made to procure the arrest of Joshua F. Bailey, collector of internal revenue, having been found guilty by the jury, now moves in arrest of judgment, and for a new trial.

The first position taken on his behalf is, that the court erred in granting the motion of the district attorney to put the defendant upon his trial, and in refusing to allow the defendant to read, in opposition to that motion, the directions of Attorney General Evarts, contained in a letter dated February 11th, 1869,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

addressed to Mr. Courtney, then district attorney, and to show that the defendant had not been afforded such an opportunity to leave the country as the attorney general had, in such letter, directed he should have. This ruling, it is insisted, was erroneous, and it is claimed that the court was bound judicially to recognize the instructions of the attorney general, and, consequently, not to put the defendant on trial. I see no reason to doubt the correctness of the ruling complained of. If the attorney general has power to give any directions whatever to a district attorney, in respect to his official action, in regard to indictments found by a grand jury, and presented by such grand jury to the court, for its action thereon, and if, assuming that the attorney general has that power, such a direction as that claimed to have been given by the attorney general in regard to this defendant, can be said to be fairly within its scope, it is certain that such a direction is for the district attorney alone, and that it does not control the court. The court is not bound to construe or consider the official communications made to the district attorney. That responsibility belongs to the district attorney himself, who must act upon his own views of their validity and effect, and who, alone, is known to the court as representing the United States in a criminal case. Accordingly, when the district attorney moves the trial of a criminal case, he is, in the absence of any suggestion of collusion, entitled to have his motion granted, unless legal reasons to the contrary be shown. Neither the wishes nor the instructions of the attorney general furnish, of themselves, such reasons, nor do his communications to the district attorney afford evidence of the facts stated therein, upon which a court can render a decision; while the fact that the defendant was sought to be put upon his trial without having been afforded an opportunity to place himself beyond the jurisdiction of the court, although accompanied with the further fact that instructions to give him such opportunity were issued by the attorney general, would not justify the court in denying the motion of the district attorney to proceed with the trial.

The next point urged in behalf of the defendant is, that he was not personally present during a portion of his trial. This point arises out of the following facts: The defendant was brought into court in custody, and was present, with his counsel, during the empanelling of the jury, and during a portion of the opening of the case by the district attorney. During the opening, he commenced interrupting the district attorney, and persisted in denying his statements, in a loud voice, although admonished by the court to refrain from interrupting. The action of the prisoner continuing to be such as to make it impossible to proceed in the trial with due decorum, he was ordered to be removed from the court

room by the marshal, and to be detained in an adjoining room, with liberty of access for his counsel. The trial then proceeded, under the objection of the prisoner's counsel, so far as to conclude the opening. The trial was then postponed to the next day, when, the defendant having become composed, it was continued and concluded without further disturbance. This statement seems sufficient to dispose of the point in question. The right of a prisoner to be present at his trial does not include the right to prevent a trial by unseemly disturbance. The defendant had the opportunity to be present at the whole of his trial. He was, in fact, present while the jury were being empanelled and the evidence was being introduced. He was absent during a part of the opening, only because of his own disorderly conduct. It does not lie in his mouth to complain of the order which was made necessary by his own misconduct, and which he could at any time have terminated by signifying his willingness to avoid creating disturbance. |\

In addition to the two positions I have thus noticed, several objections to the rulings of the court upon questions of evidence, and to a portion of the charge, have been taken, but none of them are tenable, and they do not appear to be of sufficient importance or novelty to require a discussion here.

The motion is, accordingly, denied.