## BELL GALES *v*. THE STATE.

CRIMINAL LAW. *Bail bond. Judgment on before verdict. Absence of defendant.* G. was on trial for assault with intent to kill and murder. The jury came into open court and informed the judge that they were unable to agree. The district attorney then asked that G., who was on bond for his appearance and attendance, be called. G. failed to answer, and thereupon a judgment of forfeiture was entered on his bond. The jury then retired and in a few minutes brought in a verdict of guilty. The defendant was called but failed to respond, and the verdict was received in his absence. *Held*, that it was not error, under the circumstances, to enter up judgment of forfeiture on the bond before verdict, nor error to receive the verdict in the absence of the defendant.

APPEAL from the Circuit Court of Sharkey County.

HON. RALPH NORTH, Judge.

Bell Gales was indicted in Sharkey County for an assault with intent to kill and murder.  He was arrested and then released on a bond for his appearance at the next term of the circuit court, and from day to day and term to term until discharged by law.  He did appear, his trial proceeded, the jury retired to consider their verdict, and after remaining out about four hours they sent word to the judge that they were unable to agree.  Whereupon the presiding judge asked the district attorney if he had any objection to discharging the jury.  He replied, he had no objection.  The jury were then brought in and asked if they had agreed upon a verdict, but before any response was made by the jury the district attorney asked that the defendant, Bell Gales, be called.  The defendant failed to answer, and thereupon a forfeiture of his bond was taken in the presence of the jury.  The jury again retired and brought in a verdict of guilty of assault with intent to kill.  The defendant was called to come into court to receive his sentence but failed to appear.  Afterward the defendant, in proper person, made a motion for a new trial, (1) because the verdict was returned into court in the absence of defendant ; (2) because the jury was exposed to improper influences during the trial.  The motion was overruled and the defendant appealed.

*J. W. Downs*, for the appellant.

If the jury was exposed to improper influences during the progress of the trial which might have produced the verdict, that fact vitiates the verdict.  *Russell* v. *The State*, 53 Miss. 367.  We insist that it was error for the court to receive the verdict in the absence of the prisoner.  If so, this court will not remand the case for a new trial but will discharge the prisoner.  *Rolls* v. *The State*, 525 Miss. 391 ; *Finch* v. *The State*, 53 Miss. 363.

*T. M. Miller*, Attorney General, for the State.

1. This is not the case of an unfair trick or artifice on the part of the prosecution to obtain a verdict; nor is it the case of an improper communication between the court and the jury.  The trial having begun, it was the duty of the defendant to be present in open court.  If he had fled for the time being, as the motion for a

new trial assumes that he did, it was his own fault that the district attorney took judgment of forfeiture. If the taking of judgment under these circumstances produced a harmful result, the appellant is in no position to complain. There was nothing else for the district attorney to do. The forfeiture proved nothing more than could be seen by the jury or would have been apparent on a call of defendant; that he was absent. His absence did not import flight, but if it did it was no matter under the circumstances.

2. The action of the lower court in receiving the verdict of the jury is sustainable under § 3075 of the code, wherein it is provided that in cases less than felony the trial may, in the discretion of the court, be proceeded with if the defendant in any way be in default for non-appearance. Such was the case here according to the theory of counsel in the motion for a new trial, his default at one stage being shown. The verdict having reduced the grade of the offense charged to a misdemeanor (assault with intent to kill, merely), it was altogether right for the judge to allow it to be entered in the absence of the accused.

ARNOLD, J., delivered the opinion of the court.

Appellant has no cause to complain of the action of the court in entering judgment of forfeiture on his bond, or in receiving the verdict of the jury in his absence. In the state of case shown by the record, it was not unlawful or improper for the court to do so. If appellant was thereby injured, it was, as far as the record shows, his own fault. It was his right, and being on bail, his duty, to be present during the progress of the trial, but if after the trial commenced he voluntarily absented himself, or absconded, he must take the consequences of his bond being declared forfeited, and of the trial being concluded in his absence. 1 Bish. Cr. Pro., § 272; *Prince* v. *The State*, 36 Miss. 531; *Fight* v. *The State*, 7 Ohio 357; *The State* v. *Wamine*, 16 Ind. 357.

*Affirmed.*