## JOE O'TOOLE v. THE STATE.

### No. 1747. Decided May 17, 1899.

**1. Continuance.**

It is not error to refuse an application for continuance for an absent witness, where, from a statement made as to the cause of her absence, it is doubtful if she can ever be secured.

**2. Same.**

An application for continuance for absent testimony, which, in view of the other evidence in the case, is not probably true, will be held properly refused; as will also an application where it appears that the witness, if he testified as stated, would stand self-contradicted by his own affidavits previously made before the grand jury.

**3. Theft from the Person—Charge.**

On a trial for theft of money from the person, where the defendant claimed that he had the prosecutor's consent to take the money, the charge of court properly instructed the jury, in effect, that if defendant took the money with the consent of the owner, and afterwards formed the intent to appropriate it, he would not be guilty.

**4. Impanelment of Jury—Defendant's Absence—Waiver.**

Where, during the impanelment of the jury, the defendant had, without the consent of the court, gone into the sheriff's office to a water closet temporarily, and his absence was not discovered until he was called upon to plead to the indictment after it had been read; and upon his return, in answer to the court's question whether he desired to have the proceedings done over in his presence or if he waived them, replied that he waived them; Held, that, inasmuch as he could and did expressly waive the proceedings, he was bound thereby, and could not be heard to complain.

APPEAL from the District Court of Grayson. Tried below before Hon. DON. A. BLISS.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The indictment charged that appellant, on the 1st day of October, 1897, did take from the person of John Droak, and without his knowledge, $25 (twenty-five dollars) in United States money, three silver dollars, one half dollar, and one dime and four half dimes; all current money of the United States.

No statement necessary.

*I. M. Standifer*, for appellant.

*Robt. A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at confinement in the penitentiary for a term of two years; and he appeals.

Appellant complains of the action of the court in overruling his motion for continuance. Said motion is predicated on the absence of Nellie Boyd and J. J. McCanliss. As to the latter, we think the diligence used was insufficient. As to Nellie Boyd,—the former, from a statement made as to the cause of her absence,—it is doubtful if she can ever be secured. Defendant says: That he expected to prove by McCanliss that just before the money is alleged to have been taken from the prosecutor, Droak, "said prosecutor was in his saloon, a short distance from where the alleged theft occurred, and that he there exhibited $7.50 in silver, and said that was all the money he had, and that he was drunk, and getting drunker fast, and that he told defendant there, if he got too drunk to walk, to take his stuff from his person; that he left there, and went to a house of prostitution near by, where it is said the offense occurred. That he expected to prove by Nellie Boyd that defendant came to the house of prostitution with Droak, prosecutor, and that said prosecutor soon went to sleep, but, before he went to sleep, told defendant to take care of his effects." Appellant shows that this is his first application for continuance. The court, however, certifies that it is his second application. In our view of the case, that matter does not occur to us to be material. Looking at the statement of facts, we do not believe the alleged testimony is probably true, or that it would be so regarded by an honest jury trying the case. If we look beyond that to the affidavits as to what the witness McCanliss swore before the grand jury, it appears, were he present, that he would stand self-contradicted.

Appellant says the court committed an error in not giving the requested instruction. Said bill is as follows: "The defendant excepts to the charge of the court, in that part where the court charges 'that if defendant took the money with the consent of Droak, and afterwards formed the intent to appropriate it, he would not be guilty,' for the charge did not go far enough. The charge should have told the jury that if defendant took the property with the consent of Droak, but

with the intent to defraud, and afterwards conceived the idea of appropriating it, he should be acquitted." As to this matter, it is sufficient to say that, if the charge requested embodied good law, this issue was not raised by the testimony. Appellant claimed that he had prosecutor's consent to take the money. That was his defense, and the court properly instructed the jury that if he took the money with the consent of Droak, and afterwards formed the intent to appropriate it, he would not be guilty.

Appellant further insists that this case should be reversed because of his absence during the impanelment of the jury. It appears that he purposely absented himself, without the knowledge or consent of the court during the impanelment. His absence, however, was merely temporary; having gone from the courtroom into the watercloset, and to the sheriff's office. His counsel were present, and conducted the impanelment. On his return into the courtroom, the discovery was made for the first time, so far as the court was concerned, that appellant had been absent. The bill of exceptions to overruling the motion for new trial, as presented by appellant, shows, "The court then asked him if he waived the reading of the indictment over again, and he replied that he did." On this distinct waiver of re-reading the indictment, appellant now claims that he did not waive, nor was he asked to waive, the proceedings in the impanelment of the jury, and the plea of not guilty entered. The court, however, in explaining the bill of exceptions in his overruling the motion for new trial, makes the statement "that defendant was present at the time the court overruled his application for continuance, and the court then and there directed counsel to proceed with the impanelment of the jury. The jury was selected, sworn, and indictment read; and the court called on the defendant to plead, and was then informed that defendant was not present, but was in the sheriff's office, adjoining the courtroom. Defendant immediately came in from the sheriff's office, and the court informed him that the jury had been sworn, and indictment read, and his counsel had entered a plea of not guilty for him, and asked him whether he waived having these things done in his presence, or whether he wanted these things done over again, and the defendant then and there said he waived these matters, and did not wish to have them done over again; and that this matter was not afterwards brought to the attention of the court until on the motion for new trial." If appellant desired to present this question, he should have refused to waive what transpired during his temporary absence, and then taken a bill of exceptions to the action of the court. See Buie v. State, 1 Texas Crim. App., 452; McMahon v. State, 17 Texas Crim. App., 321. If he had refused to make the waiver, then, no doubt, the court would immediately have rectified the matter. His absence was by his own volition. Indeed, he can scarcely be said to have been absent. He was in an adjoining room, and, so far as the record discloses, within view and hearing of all that occurred. His counsel was present,—no doubt.

with knowledge that he was not in the courtroom,—conducting the examination and impanelment of the jury. We hold that, under the circumstances, he could waive the proceedings which had occurred during his temporary absence. To hold otherwise, it seems to us, would allow him to take advantage of his own wrong. There being no error in the record, the judgment is affirmed.

*Affirmed.*