## JOHN WHITEHEAD v. THE STATE.

### No. 1777.   Decided May 15, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment.**

In a prosecution for pursuing the occupation of selling intoxicating liquors in local option territory, where the indictment complied with approved precedent, there was no error, and the same was not insufficient for alleging, after setting out the two sales to the alleged purchasers, that the defendant also sold to other persons to the grand jurors unknown. Davidson, Presiding Judge, dissenting.

### 2.—Same—Evidence—Occupation—Allegation and Proof.

Under an indictment alleging at least two sales to persons named therein and other sales to persons to the grand jurors unknown, and alleging the unlawful occupation of selling intoxicating liquors, etc., all evidence which will tend to show that defendant was pursuing that occupation is admissible, and it is not necessary to allege in the indictment any of the evidence relied upon to prove that he was guilty of pursuing such unlawful occupation. Following Fitch v. State, 58 Texas Crim. Rep., 366.

### 3.—Same—Other Sales—Evidence.

It is required under the law, in prosecutions of pursuing the occupation of selling intoxicating liquors in local option territory, that two sales within three years to persons named must be alleged and proved, but proof of other sales are admissible if they tend to show that defendant was pursuing such occupation.

### 4.—Same—Insufficiency of the Evidence.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the persons alleged as purchasers in the indictment denied such purchase, and the State then introduced testimony showing that defendant sold whisky to one of these persons on one occasion and to the other alleged purchaser on another occasion, without proving some other facts or circumstances showing that defendant pursued such occupation, the evidence was insufficient to sustain the conviction.

### 5.—Same—Evidence—Detective—Bias of Witness.

Where a witness was employed to assist in catching violators of the local option law, the defendant being charged with pursuing the occupation of selling intoxicating liquors in local option territory, it was error not to permit the defendant to show that such witness was so engaged by the officers, in order to show his bias.

### 6.—Same—Defendant's Absence from Trial.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the defendant, while his counsel was engaged in addressing the jury, stepped outside of the courtroom into a closet and absented himself from the courtroom for three or ten minutes, returning while his counsel was still speaking, and no notice was taken of his absence either by the court or any officer thereof and no injury was shown, there was no reversible error.

Appeal from the District Court of Sabine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Hamilton & Minton,* for appellant.—On question of insufficiency of the indictment: Bush v. Republic of Texas, 1 Texas, 454; Estes v. State, 10 id., 300; State v. Baggerly, 21 id., 757.

On question of insufficiency of the evidence: Whitstone v. State, 64 Texas Crim. Rep., 168, 141 S. W. Rep., 951; Miles v. State, 62 Texas Crim. Rep., 530, 138 S. W. Rep., 398; Bruce v. State, 44 S. W. Rep., 852; Smart v. State, 49 Texas Crim. Rep., 373, 92 S. W. Rep., 810; Vincent v. State, 55 S. W. Rep., 819; McLeod v. State, 44 S. W. Rep., 1090; Oxford v. State, 49 Texas Crim. Rep., 321, 97 S. W. Rep., 484;

Whitlesley v. State, 60 Texas Crim. Rep., 291, 131 S. W. Rep., 1093; Kennard v. State, 64 Texas Crim. Rep., 7, 141 S. W. Rep., 88.

On question of personal presence of defendant during trial: Page v. State, 9 Texas Crim. App., 466; Conn v. State, 11 id., 390; Madison v. State, 17 id., 479; Smith v. State, 61 Texas Crim. Rep., 349, 135 S. W. Rep., 152.

C. E. Lane, Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of pursuing the business or occupation of selling intoxicating liquors, and his punishment assessed at two years confinement in the penitentiary.

The indictment, after making proper allegations of the fact that prohibition was in force in Sabine County, alleges that appellant "did then and there unlawfully engage in and pursue the occupation and business of selling intoxicating liquors in violation of said law aforesaid, and which law aforesaid was then and there in full force and effect in said Sabine County, and that said John Whitehead did then and there on or about the said date, to wit: the 15th day of August, 1911, unlawfully sell intoxicating liquors to Bill Whitehead in violation of law, and on or about the 23d day of August, 1911, did unlawfully sell intoxicating liquors to Bill Hogan, in violation of law and did on or about the 24th day of August, 1911, again sell intoxicating liquors to other persons to the grand jurors unknown, in violation of law and on or about said date did then and there make different and other sales in violation of said law to persons to the grand jurors unknown; and did in said county and State in the months of August and September, 1911, and anterior to the presentment and filing of this indictment make more at least than two sales of intoxicating liquors in violation of said law, which was then and there in full force and effect in said Sabine County as aforesaid, against the peace and dignity of the State."

1. Appellant excepted to the following portion of the indictment, and moved to strike it out: "And did on or about the 24th day of August, 1911, again sell intoxicating liquors to other persons to the grand jurors unknown, in violation of law, and on or about said date did then and there make different and other sales in violation of law to persons to the grand jurors unknown and did in said county and State in the months of August and September, 1911, and anterior to the filing and presentment of this indictment, make more at least than two sales of intoxicating liquors in violation of said law."

The grounds alleged by appellant are that said allegations are too general, and are not sufficiently specific to put the defendant on notice of what sales and to whom he is alleged to have made sales. The offense defined by statute is pursuing the business or occupation of selling intoxicating liquors, and under ordinary circumstances it would

be necessary to allege that he made a sale to any person to properly charge the offense of pursuing a given business or occupation, but evidence that he had made sales to divers and sundry persons would be admissible as evidence as tending to show that he was pursuing the given business or occupation. All evidence which would tend to show that he was pursuing that occupation would be admissible to prove that fact, and it would not be necessary to allege in the indictment any of the evidence relied on to prove that he was guilty of the offense. However, in this instance the Legislature, in making it an offense to pursue the business or occupation of selling intoxicating liquors, has provided that no person shall be convicted of that offense unless it be shown that he has made at least two sales in three years, and this court has held in the case of Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040, that as the Legislature has provided that two sales must be proven, that the person to whom the two sales were made must be alleged in the indictment. And it being necessary to prove two sales, they must be proven as alleged, but the rules of evidence are not otherwise changed, and all evidence which would tend to show that the person under indictment was guilty of the offense of pursuing that business or occupation named would be admissible. The Legislature only requiring that two sales be alleged, when these two are alleged and proven, proof of other sales would be admissible if it tended to show that one was pursuing that business, and it is not necessary to allege the names of more than two persons. In this character of case one is being prosecuted for the offense of pursuing a given occupation, and is not being prosecuted for making a sale to an individual. Evidence that he had made a sale is admissible as a circumstance tending to prove the offense charged, but proof that one had made two or even three isolated sales would not sustain a conviction wherein he was charged with pursuing the business and occupation. The court, therefore, did not err in overruling the motion.

However, in the indictment sales were alleged to have been made to Bill Whitehead and Bill Hogan. The State placed both of these men on the stand as witnesses, and both denied emphatically they had purchased any intoxicating liquors from appellant. The State then introduced Mr. King who testified that he was present and that appellant sold whisky to Whitehead on one occasion, and to Hogan on another occasion. This was all the evidence introduced by the State, and if we take the evidence of King as true, and find that on one occasion appellant sold to Bill Whitehead, and on another occasion sold to Bill Hogan, in the absence of any other testimony, this would not support a conviction for the offense of pursuing the business or occupation of selling intoxicating liquors. In addition to proving at least two sales, some other facts or circumstances must be proven, such as he had received a large amount of liquor, or was in the habit of making sales, etc., or some other fact or circumstance which tends to prove the offense. Proof of two isolated sales does not show that one is engaged

in that business or occupation, in the absence of other facts or circumstances tending to so show.

2. While a witness was testifying, appellant asked him on cross-examination if he was not engaged by the officers to help catch men who are selling intoxicating liquors. If a witness is employed to assist in catching violators of this or any other law, and is giving material testimony, the fact that he has been employed is admissible in evidence as going to show his bias, intent or motive in the matter. The authorities were collated in the recent cases of Pope v. State, 65 Texas Crim. Rep., 51, 143 S. W. Rep., 611, and Earles v. State, 64 Texas Crim. Rep., 537, 142 S. W. Rep., 1181, and we refer to them.

3. In the motion for a new trial it is alleged that defendant was absent during a portion of the trial, and reversal is asked on that ground. From the evidence it appears that after the evidence had been closed, and the State's attorney had made his opening address, while defendant's counsel was addressing the jury, defendant stepped outside of the courtroom and went into the closet, and was absent from the room from three to ten minutes, returning while his counsel was still speaking. His absence at the time was not noticed by the court or any officer of the court, and no proceedings were had during his absence except that his counsel continued to speak. We do not think this would present cause for reversal. This question has been recently before the Supreme Court of the United States in the case of Diaz v. United States, reported in the April number of the advance sheets published by The Lawyers Co-operative Publishing Company, on page 254. In that case it is held:

"As the offense in this instance was a felony, we may put out of view the decisions dealing with this right in cases of misdemeanor. In cases of felony our courts, with substantial accord, have regarded it as extending to every stage of the trial, inclusive of the empaneling of the jury and the reception of the verdict, and as being scarcely less important to the accused than the right of trial itself. And with like accord they have regarded an accused who is in custody and one who is charged with a capital offense as incapable of waiving the right; the one, because his presence or absence is not within his own control; and the other because, in addition to being usually in custody, he is deemed to suffer the constraint naturally incident to an apprehension of the awful penalty that would follow conviction. But, where the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present. Fight v. State, 7 Ohio, pt. 1, p. 181, 28 Am. Dec., 626; Wilson v. State, 2 Ohio St., 319; McCorkle v. State, 14 Ind., 39, 44; Hill v. State, 17 Wis., 675; 86 Am. Dec., 736; Stoddard v. State, 132 Wis., 520, 112 N,

W., 453, 13 A. & E. Ann. Cas., 1211; Sahlinger v. People, 102 Ill.,
241; Gallagher v. People, 211 Ill., 158, 71 N. E., 842; Barton v. State,
67 Ga., 653, 44 Am. Rep., 743; Robson v. State, 83 Ga., 166, 9 S. E.,
610; Price v. State, 36 Miss., 531, 72 Am. Dec., 195; Gales v. State,
64 Miss., 105, 8 So., 167; State v. Ricks, 32 La. Ann., 1098; State v.
Perkins, 40 La. Ann., 210, 3 So., 647; State v. Kelly, 97 N. C., 404,
2 Am. St. Rep., 299, 2 S. E., 185; Lynch v. Com., 88 Pa., 189, 32
Am. Rep., 445; Gore v. State, 52 Ark., 285, 5 L. R. A., 832, 12 S.
W., 564; State v. Hope, 100 Mo., 347, 8 L. R. A., 608, 13 S. W., 490;
Frey v. Calhoun Circuit Judge, 107 Mich., 130, 64 N. W., 1047; People
v. Mathews, 129 Cal., 527, 73 Pac., 416; State v. Way, 76 Kan., 928,
14 L. R. A. (N. S.) 603, 93 Pac., 159; Com. v. McCarthy, 163 Mass.,
458, 40 N. E., 766; United States v. Davis, 6 Blatchf., 464, Fed. Cas.
No. 14,923; United States v. Loughery, 13 Blatchf., 267, Fed. Cas. No.
15,631; Falk v. United States, 15 App. D. C., 446, 454, s. c. 180 U. S.,
636, 45 L. ed., 709, 21 Sup. Ct. Rep., 923.

"The reasoning upon which this rule of decision rests is clearly indi-
cated in Barton v. State, 67 Ga., 653, 44 Am. Rep., 743, where it is
said by the Supreme Court of Georgia:

" 'It is the right of the defendant in cases of felony . . . to be
present at all stages of the trial, especially at the rendition of the ver-
dict; and if he be in such custody and confinement . . . as not
to be present unless sent for and relieved by the court, the reception
of the verdict during such compulsory absence is so illegal as to neces-
sitate the setting it aside . . . The principle thus ruled is good
sense and sound law; because he can not exercise the right to be present
at the rendition of the verdict when in jail, unless the officer of the
court brings him into the court by its order.

" 'But the case is quite different when, after being present through
the progress of the trial and up to the dismissal of the jury to their
room, he voluntarily absents himself from the courtroom, where he and
his bail obligated themselves that he should be . . . And the abso-
lute necessity of the distinction, or the abolition of the continuance of
the bail when the trial begins, is seen, when it is considered that other-
wise there could be no conviction of any defendant unless he wished
to be present at the time the verdict is rendered.'

"True, in that case the defendant was absent only at the reception
of the verdict, but the decisions, as also the reasoning upon which they
proceed, embrace absences at other stages of the trial. In Falk v.
United States, 15 App. D. C., 446, 454, s. c. 180 U. S., 636, 45 L. ed.,
709, 21 Sup. Ct. Rep., 923, the accused, who was at large on bail, was
present when the trial was begun and during the taking of a portion
of the evidence for the government, and then fled the jurisdiction. He
was called and defaulted, and the trial proceeded in his absence, the
remaining evidence being taken and a verdict of guilt returned. Sub-
sequently he was apprehended, and sentence was then imposed, not-
withstanding his objection that the trial had proceeded in his absence.

In affirming the judgment, the court of appeals, speaking through Mr. Justice Morris, said:

"(p. 454) 'It does not seem to us to be consonant with the dictates of common sense that an accused person, being at large upon bail, should be at liberty, whenever he pleased, to withdraw himself from the courts of his country and to break up a trial already commenced. The practical result of such a proposition, if allowed to be law, would be to prevent any trial whatever until the accused person himself should be pleased to permit it. For by the statute (U. S. Rev. Stat., section 1015, U. C. Comp. Stat., 1901, p. 718) he is entitled as a matter of right to be enlarged upon bail "in all criminal cases where the offense is not punishable by death;" and therefore, in all such cases, he may, by absconding, prevent a trial. This would be a travesty of justice which could not be tolerated; and it is not required or justified by any regard for the right of personal liberty. On the contrary, the inevitable result would be to abridge the right of personal liberty by abridging or restricting the right now granted by the state to be abroad on bail until the verdict is rendered. And this the counsel for the appellant appear candidly to admit. But we do not think that any rule of law or constitutional principle leads us to any conclusion that would be so disastrous as well to the administration of justice as to the true interests of civil liberty . . .

"(p. 460) 'The question is one of broad public policy, whether an accused person, placed upon trial for crime, and protected by all the safeguards with which the humanity of our present criminal law sedulously surrounds him, can with impunity defy the processes of that law, paralyze the proceedings of courts and juries, and turn them into a solemn farce, and ultimately compel society, for its own safety, to restrict the operation of the principle of personal liberty. Neither in criminal nor in civil cases will the law allow a person to take advantage of his own wrong. And yet this would be precisely what it would do if it permitted an escape from prison, or an absconding from the jurisdiction while at large on bail, during the pendency of a trial before a jury, to operate as a shield.' "

The other grounds in the motion present no error, but on account of the insufficiency of the evidence to sustain the verdict, and because the court refused to permit the defendant to prove that the witness King was employed to assist in securing evidence in this character of case, the judgment is reversed and the cause is remanded. However, we do not think the temporary absence of the defendant while his counsel was addressing the jury would be ground for reversal of the case. Whenever a defendant voluntarily absents himself from the courtroom temporarily, knowledge of that fact must be brought home to the court, and the court must proceed with the case with knowledge that defendant is absent, or some injury must be shown, or temporary absence from the room will not be ground for reversal of the case.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE.—I concur in the reversal of the judgment.   1.   But I desire to say that indictments under the statute under which this is drawn must allege at least two sales, giving names of purchasers, and if more than two sales are relied on by the State, then before evidence of such additional sales can be introduced the names of the purchasers must be alleged or sufficient legal reasons for not so alleging must be averred in the indictment.

2.   In regard to the absence of a defendant during the trial where he is under bond, and the effect of such absence I refer for correct rule to Hill v. State, 54 Texas Crim. Rep., 646; Derden v. State, 56 Texas Crim. Rep., 396; Emery v. State, 57 Texas Crim. Rep., 423; Foreman v. State, 60 Texas Crim. Rep., 576-8.