FRANK SULLIVAN v. THE STATE.

No. 6284.   Decided June 8, 1921.

Rehearing Denied October 19, 1921.

**1.—Intoxicating Liquors—Possession—Indictment—Description.**

It was not necessary that the indictment should allege a further description of the liquor in defendant's possession and which followed such a description of the liquor which required a federal tax as a beverage.

**2.—Jury and Jury Law—Separation of Jury.**

Where at some stage of the trial, while the jury were in their room, they were called to come into court and one of the jurors remained momentarily behind in a toilet, but afterwards rejoined his fellows without having spoken to anyone or having been spoken to by anyone, there was no reversible error on that ground.

**3.—Same—Absence of Defendant—Practice in Trial Court.**

While during the taking of testimony the defendant absented himself from the courtroom while a witness was testifying, and the court at once stopped proceedings when discovering such absence, and upon return of defendant the same evidence was reproduced in his presence, there was no reversible error. Following Cason v. State, 52 Texas Crim. Rep., 224.

**4.—Same—Evidence—Expert Testimony.**

A witness who testified that he had had much experience handling intoxicating liquor, and that he could tell new whisky from old whisky, and that in his judgment the liquor found in defendant's possession was new whiskey, there was no error in admitting such testimony.

**5.—Same—Possession—Search of Intoxicating Liquors.**

Where defendant claimed that he had possessed the liquor in question from a time prior to the taking effect of the law forbidding such possession, and the State was allowed to introduce testimony of officers who testified that they had frequently searched his premises for intoxicating liquor, and found none, except a drink or two in a bottle, which they did not consider to amount to anything, there was no reversible error.

**6.—Same—Charge of Court—Theory of Defense.**

Where, upon trial of having in his possession intoxicating liquors in violation of the law, the court's charge submitted defendant's theory of defense, that he had such liquor in his possession before the law prohibiting

such possession took effect, there was no merit in defendant's contention that his defense had not been fairly submitted.

**7.—Same—Argument of Counsel—Practice on Appeal.**

Where the argument of counsel in the instant case was not such as to require a reversal in the absence of a requested charge, there was no re-reversible error.

**8.—Same—Rehearing—Absence of Defendant—Practice in Trial Court.**

Where, upon motion for rehearing, appellant again contended that the judgment should be reversed and the cause remanded, because of a temporary absence of defendant during his trial, this court is of the opinion that the accused was confronted with the witnesses against him and given every opportunity to cross-examine and preserve any rights due him, and that he was present at his trial within the contemplation of our statute, and there is no reversible error.

Appeal from the District Court of Grayson, Tried below before the Honorable Silas Hare.

Appeal from a conviction of unlawful possession of intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.—On question of insufficiency of indictment: Hardin v. State, 211 S. W. Rep., 233; Salter v. State, 44 Texas Crim. Rep., 591.

On question of absence of defendant: Bell v. State, 32 Texas Crim. Rep., 436; Derden v. State, 56 id., 396; Hill v. State, 54 id., 646.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted of having in his possession intoxicating liquor, not for medicinal, scientific, sacramental or mechanical purposes, and his punishment fixed at confinement in the penitentiary for one year.

We do not think it necessary that in the indictment, the liquor which appellant was charged with possessing should have been further described as being such as required a Federal tax as a beverage. The statement in Section 4 of what is known as the Dean law, Acts Second Called Session, Thirty-sixth Legislature, Chap. 78, that the liquor described in Sections 1 and 2 of said Act should be construed to include certain named liquors, and all . . liquors . . which require a Federal tax as a beverage," has reference to matters of proof. The specific purpose of said Section 4 seems to be to obviate the necessity for alleging any of the descriptives therein mentioned, and to make it plain that the descriptions of Sections 1 and 2 may be met by proof of possessing, manufacturing, etc., the liquors described in said Section 4.

We think there was no such separation of the jury during the instant trial as constitutes misconduct. Upon the State's controversy

of this part of appellant's motion for new trial evidence was heard, and the facts show that at some stage of said trial while the jury were in their room they were called to come into court and one of the jurors remained momentarily behind in a toilet. This juror testified that within a minute he went into the courtroom and rejoined his fellows without having spoken to or been spoken to by any person. A deputy sheriff testified that he saw said juror come out of the jury room and rejoin the other jurors in the box, and that he spoke to no one and no one spoke to him. Injury was thus entirely negatived by the State.

During the taking of testimony the appellant absented himself from the courtroom while a witness was testifying. At once, upon the discovery by the court of his absence, the proceeding was stopped until appellant's return. It appears that while he was absent a witness identified certain jars of liquor as being that found in appellant's possession. After appellant returned the same evidence was reintroduced in his presence. The question has been fully discussed by this court before. Cason v. State, 52 Texas Crim. Rep., 224.

A witness who testified that he had had much experience handling intoxicating liquor, and had seen "a right smart liquor" made in Georgia, and that he could tell new whisky from old whisky, was permitted over appellant's objection to state that in his judgment the liquor found in appellant's possession was new whisky. We know of no rule or authority which would exclude such testimony of a witness whose experience appeared to qualify him, even if the matter be such as to require some degree of expertness in order to enable the witness to testify. The objection would seem rather to go to the weight of the testimony than to its admissibility.

Appellant claimed that he had possessed the liquor in question from a time prior to the taking effect of the law forbidding such possession. As tending to refute his claim in this regard, the State was allowed to introduce testimony of officers who stated that they had frequently searched his premises for intoxicating liquor, since the taking effect of said law, and that they had found no such liquor as that charged in the instant case. We think the effect of such testimony was to sustain the State's contention of illegal possession, and to rebut that character of possession relied upon by appellant. The fact that one of said witnesses stated that at the time of such search he found a drink or two of liquor in a bottle which they did not consider to amount to anything, would not seem to be reversible error. The fact that such liquor was in said bottle was not relied on to convict and there was no separate objection made to such testimony which appeared to be a voluntary statement of said witness and not in response to the question asked. No motion to exclude was made by appellant, and we think no reversible error appears.

Complaint is made that the charge of the court did not affirmatively state to the jury the theory of appellant's defense on the ground of his

possession of said liquor prior to the taking effect of the Dean Act. An examination of the main charge discloses the fact that said theory was submitted, and both affirmatively and negatively by the trial court, in that he instructed the jury that they must believe that appellant's possession was not from a time prior to the taking effect of said law, before they could convict; and also instructed them that if they had a reasonable doubt as to whether such possession had so extended, they should acquit.

Objection was made to certain statements of the prosecuting attorney in his argument to the jury. The record discloses that no written request was presented asking an instruction that the jury not consider such argument. This has ordinarily been held necessary unless the character of the argument be such as that injury appear probable. We do not think the argument in the instant case such as to make it reversible error in the absence of such request.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

October 19, 1921.

LATTIMORE, JUDGE.—In his motion for rehearing appellant insists again that the reception of part of the evidence of Sheriff Craig in the absence of the accused, should be held reversible error. The facts appear to be that when the court adjourned at noon he adjourned to meet at 1:30 o'clock P. M., and apparently when that hour was reached proceedings in the trial were resumed, and the witness Craig was called to the stand and asked and answered several questions pertaining to certain jars then in the presence of the jury. Some one called attention to the fact that appellant was not present and the proceedings were halted, and in a few moments he came in. Thereupon the identical evidence given during his absence, was introduced from said witness Craig, and appellant through his counsel cross-examined said witness at length. Appellant's counsel appears to have been present all the time. The matter was complained of in appellant's motion for new trial, and a bill of exceptions was taken to the refusal of the new trial upon this ground. Reliance is now had upon Hill v. State, 54 Texas Crim. Rep., 646, and Bell v. State, 32 Texas Crim. Rep., 436. Appellant refers to the Cason case, cited in our original opinion, and calls attention to the fact that after the rendition of the opinion in the Cason case and before the Hill case was handed down, the Thirtieth Legislature passed an Act requiring the personal presence of the accused in a felony case at the trial. This part of the Act mentioned has been the law of this State for many years prior to the rendition of the Cason case. Acts 1895, Art. 596, White's Ann. C. P.,

Art. 633. We are in accord with both the Hill and Bell cases on their facts. In the Hill case certain evidence of witnesses was reproduced at the request of the jury and while the defendant was absent, his presence having been expressly waived by his attorneys. This court has held in numerous cases that the presence of the accused, which is specifically required by the statute in such case, see Articles 755-756, Vernon's Crim. Proc., cannot be waived by the attorneys for the accused. Shipp v. State, 11 Texas Crim. App., 46; Mapes v. State, 13 Texas Crim. App., 85; Granger v. State, 11 Texas Crim. App., 454. The error of the court in the Hill case was not the result of inadvertence or lack of knowledge of the absence of the accused, but was the intentional and deliberate act of the court and counsel for the defendant. In the Bell case, *supra,* the accused was not on bond but was in the custody of the sheriff and was carried by the officers from the courtroom, and during his absence material testimony was introduced and the accused was at no time confronted with said witnesses as required by our Constitution, and was given no opportunity to examine such witnesses, and the testimony was at no time reproduced or offered in the presence of the defendant. The statutory requirement that the accused be present at the trial, in cases in which it is apparent that no possible injury could have resulted to the accused, has never been given an ironclad construction by this court. In O'Toole v. State, 40 Texas Crim. Rep., 578, the accused was absent from the cou . oom while the jury were being impaneled, sworn and the indictment read to them. His absence seemed to have been without the knowledge of the court. Upon his return the trial court asked him if he waived the going over of the proceedings had in his absence and he answered that he did. This court, through Judge Henderson, held that if appellant had refused to agree to such waiver the court could have immediately rectified the matter,—by which we take this court to mean that the trial court would have proceeded to have the indictment reread and the jury sworn, etc. Notwithstanding the proceedings that were had out of the presence of the accused, this court held no error shown, and the cause was affirmed. In Killman's case, 53 Texas Crim. Rep., 570, this court, through Judge Davidson, held that the voluntary retirement of the accused from the courtroom for five or six minutes during the argument, would not vitiate the conviction. True, the case was a misdemeanor, but one in which the punishment was by imprisonment and it thus comes within the rule. In Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583, the accused absented himself from the courtroom during argument from three to ten minutes in a felony case. This court held it no cause for reversal and discussed at length many authorities. In Fry's case, 78 Texas Crim. Rep., 435, the accused was on bond and shown not to have been present at an extended colloquy between the trial judge and the jury. In passing upon his contention that what was done in his absence was error, this court held that being on bond it

was the duty of the appellant to remain in attendance on the court while the jury were out considering his case, and having absented himself, and it appearing that the matters that transpired in his absence were not such as could have injured him, no reversible error was shown. In many cases cited and discussed in the American & English Annotated Cases, 1913C, p. 1147 note, in most of which the doctrine seems to be adhered to that where the accused is on bond, bound by the terms of such bail to be before the court, if he chooses to absent himself during part of the trial, unless it be of some particular hurt and violative of some special statute, he has no cause for complaint. We are not now called upon to decide that question but content ourselves with saying that on the facts in the instant case we are of opinion that the accused was confronted with the witnesses against him and given every opportunity to cross-examine and preserve any rights due him, and that he was present at his trial within the contemplation of our statute.

The motion for rehearing is overruled.

*Overruled.*