

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0486-23

---

### ELIJAH TATES, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS BRAZOS COUNTY

---

PARKER, J., filed a concurring opinion in which SCHENCK, P.J., and FINLEY, J., joined.

### CONCURRING OPINION

I join the Court's opinion but write separately to expand on a few points. In Article 33.03, the exception to the requirement that the defendant be "personally present" is when "the defendant voluntarily absents himself."[1] The "voluntarily absents himself" wording is likely derived from the Supreme Court case of *Diaz v. United States*, which, using this exact phrase, held:

[W]here the offense is not capital and the accused is *not in custody*, the prevailing

---

[1] TEX. CODE CRIM. PROC. art. 33.03.

> rule has been, that if, after the trial has begun in his presence, he *voluntarily absents himself*, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, *operates as a waiver* of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.[2]

As Judge Yeary's concurrence points out, this Court relied on *Diaz* shortly after it was handed down,[3] and in fact, this Court quoted liberally from the Supreme Court's opinion, including the passage quoted above.[4] *Diaz* and its progeny have also been the basis for Federal Rule of Criminal Procedure 43, successive iterations of which have used the exact language in *Diaz* or something very similar.[5]

From federal caselaw and the federal rule, we can derive four different types of "waivers" of presence: (1) a conduct waiver when a non-incarcerated defendant fails to show up, regardless of whether he has been given any sort of warning,[6] (2) a conduct waiver when a defendant is removed from the courtroom after he fails to heed a warning that his continued disruption of the proceedings

---

[2]  223 U.S. 442, 455 (1912) (brackets and emphasis added).

[3]  Yeary, J., concurring at n.20 (citing *Whitehead v. State*, 66 Tex. Crim. 482, 147 S.W.2d 583 (1912)).

[4]  *See Whitehead*, 66 Tex. Crim. at 486-88, 147 S.W.2d 585-86.

[5]  *See* FED. R. CRIM. P. 43(c)(1)(A), (B) ("voluntarily absent"); *United States v. Gagnon*, 470 U.S. 522, 524 n.1 (1985) (quoting from 1975 version of R. 43) ("voluntarily absents"); FED. R. CRIM. P. 43, Notes (U.S.C.S. 1992) (quoting from original 1944 version of R. 43) ("voluntary absence").

[6]  *See supra* at nn.2, 5; *Taylor v. United States*, 414 U.S. 17, 17-20 (1973) (rejecting contention that the defendant must be expressly warned about the right to be present and the dangers and disadvantages of being absent); *Gagnon*, *supra* (quoting then R. 43(b)(1) ("whether or not the defendant has been informed by the court of the obligation to remain during the trial"); FED. R. CRIM. P. 43, Advisory Committee Notes, 1974 amendment (U.S.C.A. 1990) (Rule change "makes clear that voluntary absence may constitute a waiver even if the defendant has not been informed by the court of his obligation to remain during the trial," and "a warning seldom is thought necessary in current practice.").

would result in his removal,[7] (3) an express waiver when a defendant is incarcerated or ordered not to personally be in the courtroom,[8] and (4) an implicit waiver when the defendant is present in open court and does not assert his desire to be present at a bench conference or in-chambers conference.[9]

The first three types of waivers, at least, are perfectly consistent with the notion that the Texas statutory right to presence is a waivable-only right.  Although a category-two *Marin* waiver is typically an express act personally done by the defendant after being warned of the nature of the right at issue and the consequences of his waiver,[10] that is not invariably so.[11]  The Legislature is free

---

[7] *See Illinois v. Allen*, 397 U.S. 337 (1970); *Gagnon*, *supra* (quoting then R. 43(b)(2) ("after being warned by the court that disruptive conduct will cause him to be removed from the courtroom, persists in conduct which is such as to justify his being excluded from the courtroom")); FED. R. CRIM. P. 43, Notes of Committee on the Judiciary, House Report No. 94-247 (U.S.C.S. 1992) (citing *Allen*).

[8] *See supra* at n.2 ("in custody" exception); FED. R. CRIM. P. 43(a) (current, last amended in 2011) (permitting certain misdemeanor proceedings by video-conference if the defendant gives "written consent").

[9] *Gagnon*, 470 U.S. at 528 ("We disagree with the Court of Appeals that failure to object is irrelevant to whether a defendant has voluntarily absented himself under Rule 43 from an in camera conference of which he is aware.  The district court need not get an express 'on the record' waiver from the defendant for every trial conference which a defendant may have a right to attend.  As we have noted previously, 'there is scarcely a lengthy trial in which one or more jurors does not have occasion to speak to the trial judge about something, whether it relates to a matter of personal comfort or to some aspect of the trial.'  A defendant knowing of such a discussion must assert whatever right he may have under Rule 43 to be present.") (brackets and citation omitted).

[10] *See Marin v. State*, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993) ("Instead, if a defendant wants to relinquish one or more of them, he must do so expressly. . . .The State may not successfully put him to trial without counsel or jury merely because he voiced no objection to the procedure.  Rather, it must first obtain his permission by express waiver—waiver which is not sufficient in contemplation of the law unless it amounts to the 'intentional relinquishment or abandonment of a known right or privilege.'") (ellipsis inserted, citation omitted).

[11] *Cf. supra* at n.2 ("operates as a waiver").

to modify what is needed for a waiver of a statutory requirement,[12] and the two conduct waivers mentioned above fit comfortably within the phrase "voluntarily absents."

The fourth type of waiver is the one that looks most like a forfeiture, and the Supreme Court did not nail down its status. In *Gagnon*, the Court merely said that *if* the defendant had a right to be present at an in-chambers conference under Rule 43, he voluntarily relinquished it by not asserting it.[13] It is possible that the Supreme Court will eventually say that the right to presence under Rule 43 is fully satisfied by the defendant's presence in open court and that any right to be present at an in-chambers conference is a common-law right subject to forfeiture by inaction.[14] Or the Court could draw a distinction between "not being invited" to a bench conference or in-chambers conference and being "excluded" from one, with an objection being required to nail down that the defendant was actually being excluded. Or the Court could draw a distinction between what is minimally required as physical presence and the maximal reach of the physical presence right, with what is minimally required being subject to an explicit waiver or conduct waiver and the maximal reach being subject to an implicit waiver. The Court could perhaps reason that, so long as the defendant is physically present in open court, he voluntarily absents himself from "more" presence (e.g., at a bench conference) if he fails to assert his desire for such "more" presence. Any of these rationales could conceivably be applied to Article 33.03 to construe the statute to permit bench conferences and in-chambers conferences to occur outside the defendant's presence without requiring express consent.

---

[12] *See Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002) (The Legislature can change the error-preservation rules for rights, requirements, or prohibitions that it creates.).

[13] *See supra* at n.9.

[14] *Cf. Gagnon*, 470 U.S. at 524 n.1 (quoting then FED. R. CRIM. P. 43(c)(3) (providing an exception for "a conference or argument upon a question of law")).

And any of these rationales could support rejecting the "presence" point of error in *Routier*, and at least one of them might also support the decision's reasoning.[15] In any event, like the Supreme Court in *Gagnon*, this Court in *Routier* hedged its holding, and what to do about conferences that do not have to happen in open court is an issue for another day.[16]

Regardless of how proceedings outside of open court are treated, we can be confident that the phrase "voluntarily absents" required more in Appellant's case than a mere failure to object. Appellant was physically excluded from the entire punishment phase of trial. And he could not just "show up" to court because he was *incarcerated*—which defeats the qualification in *Diaz* that the "voluntarily absent" individual be "not in custody."[17]

Also, the trial court *ordered* the proceedings to be virtual so that Appellant would not physically attend. Let's suppose a defendant who was physically present in the courtroom had done nothing to justify removal, but the trial court ordered him to leave anyway. Or suppose the trial court had ordered that defendant not to come back the next day. Would we suppose that the defendant "voluntarily absented himself" under the plain meaning of that phrase by meekly complying with either of those orders? My common sense intuition tells me "no," and other contexts seem to support that conclusion. To borrow terminology from the Fourth Amendment context, a mere submission to a show of authority[18] does not, by itself, make the defendant "voluntarily absent." And in the Fifth

---

[15] *See Routier v. State*, 112 S.W.3d 554, 575 (Tex. Crim. App. 2003) (concluding that error was forfeited under TEX. R. APP. P. 33.1).

[16] *See id.* (further addressing the defendant's claim in "an abundance of caution").

[17] *See supra* at n.2.

[18] *See Brendlin v. California*, 551 U.S. 249, 254 (2007).

Amendment context, when we say a suspect has "voluntarily accompanied" a police officer to the station, we do not mean that he submitted, without objection, to an order to go.[19]

With these comments, I join the Court's opinion.

Filed: July 2, 2025

Publish

---

[19] *See Maine v. Thibodeau*, 475 U.S. 1144, 1146 (1986).