### Steve Killman v. The State.

#### No. 3682. Decided May 27, 1908.

**1.—Local Option—Charge of Court——Order for Intoxicating Liquor.**

Where upon trial of a violation of the local option law there was evidence that the prosecuting witness had ordered intoxicating liquor from the defendant, and also testimony that defendant had made a sale to prosecutor, and the court correctly charged that an order for whisky was not a violation of the law, there was no error in refusing a special charge on the same subject.

**2.—Same—Information—Different Elections—Presumption of Law.**

Upon trial of a violation of the local option law where the information alleged that the election was held in the month of September, 1903, and that the sale occurred in May, 1906, it was not necessary to allege that the local option law of 1903 had not been repealed by a subsequent election, held at the expiration of two years, and that the law was then in force, as the local option law is presumed to continue in operation until it is repealed.

**3.—Same—Absence of Defendant.**

Where upon trial of a violation of the local option law the record showed that the defendant during his trial voluntarily retired from the courtroom to a closet for a few moments during argument of his counsel, the same was not such absence from the trial under article 633, Code Criminal Procedure, as to vitiate the verdict. Distinguishing Bell v. State, 32 Texas Crim. Rep., 436.

**4.—Same—Practice in County Court—Recall of Witness.**

Where upon trial of a violation of the local option law, the jury were permitted to have a witness recalled to restate his testimony, and the bill of exceptions did not show that the testimony so permitted to be introduced was different from what it was when originally given, the presumption is that the court acted correctly in admitting it, and that the witness restated his testimony as first delivered.

**5.—Same—Evidence—Standing Order—Res Gestæ.**

Where upon trial of a violation of the local option law the prosecuting witness testified that he had a standing order for whisky with defendant who was running a clubroom and cold storage; that he paid defendant $1.50 to order him a quart of whisky, and that he had received a short quart from defendant shortly thereafter, that he had been in defendant's establishment at different times thereafter and procured whisky by the drink; that he did not know whether he was paying for the whisky alone or also for expressage and storage of same, or whether the order was kept up; that he never paid more on said order than the $1.50; that about five months after said first order he procured a drink of whisky from defendant and paid him 15 cents therefor. Held, that there was no error to admit testimony that prosecutor had gone into defendant's establishment and got whisky a number of times before the transaction upon which the prosecution was predicated occurred.

Appeal from the County Court of Brown. Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman,* for appellant.—On question of charge of court: Bennett v. State, 34 S. W. Rep., 936; Thompson v. State, 34 S. W. Rep., 937; Mills v. State, 82 S. W. Rep., 1045; Finley v. State, 47 S. W. Rep., 1015; Ladwig v. State, 40 Texas Crim. Rep., 585; 51 S. W. Rep., 390. On question of defendant's absence: Gibson v. State, 3 Texas Crim. App., 437; Bell v. State, 32 Texas Crim. Rep., 436; 24 S. W. Rep., 418; Anderson v. State, 50 Texas Crim. Rep., 134; 95 S. W. Rep., 1037; Hopt v. Utah, 28 Law Ad., 265; White's Code Crim. Proc., art. 633. On question of recall of witness: Campbell v. State, 42 Texas, 591; Tarver v. State, 43 Texas, 564; Edmonson v. State, 7 Texas Crim. App., 116.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law, the punishment assessed being a fine of $100 and sixty days imprisonment in the county jail.

Blagg testifying for the State stated that he had a transaction with appellant about May 8, 1906, and got from him a drink of whisky. He further testified that he did not on that date, but that along about the 20th or 25th of April, 1906, go into appellant's place of business and get a drink of whisky and at the time gave defendant 15 cents and walked out of the clubroom. On cross-examination he testified that some months prior to this transaction he made an order for a quart of whisky from defendant in writing and paid at the time he made the order $1.50, and stated to appellant that he wanted him to keep a standing order; that is, that he did not want to get out of whisky at any time, but wanted appellant to keep whisky ahead for him so he could get it from time to time. That some days subsequent to making this written order, he went to appellant's clubroom and got a flat quart of whisky, but did not pay anything to defendant at the time, and does not remember what he said at the time he got the quart bottle, but he put it in his pocket and walked out of the clubroom. That this transaction occurred in the winter before the one upon which this prosecution is based. That he did not know at the time he secured this flat quart of whisky whether it contained a full quart or not; that he had never paid defendant any money for express charges or storage charges of which he was aware, nor did he remember that defendant ever asked him for money for that purpose. He was asked whether or not he had any whisky in defendant's club belonging to him at the time he got the drink testified about in this case, and he stated he did not know of his

own knowledge whether he did or not. That he did not know whether there was any surplus left over from other whisky that he had ordered before. On redirect examination he testified the written order was made sometime in December, preceding the transaction in question. That he had made no order for whisky since that date unless what he told appellant in regard to keeping whisky ahead for him covered other transactions. That he had gotten a pint of whisky sometime previous to the transaction in question, but did not know whether the whisky he got on that occasion was his or not; that is, whether or not it was a surplus from the previous quart he had ordered. On re-cross-examination he testifies that it was late in the evening when he got the drink of whisky in question, and he does not remember who was present, nor what was said by him or defendant at the time. Nor did he remember that defendant told him the 15 cents was for express charges. He did not know whether he was expected to pay express charges on the whisky or not, nor did he remember of appellant ever mentioning this to him; that he was not acquainted with the rules of the club about paying express and storage charges. Appellant testified that his acquaintance with the witness Blagg was merely passing, and that sometime prior to the transaction in question, he did not recall the exact date, Blagg came into the clubroom and made a written order for a quart of whisky, giving him $1.50 with which to pay for it; that at the time the witness Blagg told him he wanted him to keep whisky ahead for him, and that when he would get whisky from time to time he would leave money with which to order whisky; that he did not want to get out, but wanted to keep whisky on hand all of the time; that he sent the order with the $1.50 to Scott & Low at Ballinger, and received from them a full quart of whisky, a part of which he afterwards delivered to the witness in a flat quart bottle; that this was a few days after the order was made, and that there was still left in the full quart that had been ordered just about a pint of whisky; that the witness afterwards came in and got his surplus, but that later on he (appellant) remembered he made another order which was verbal, for another quart of whisky; that the witness would come in and take away some of this whisky, sometimes a pint, and at other times he would come in and take a drink; that he kept his, Blagg's, whisky in a bottle separate and apart from other whisky, with his name on the bottle; and that when he would call for whisky he would give it to him out of his bottle; the appellant further testified that he neither sold nor dealt in whisky, but took orders for the same and charged those who kept it on storage in his clubroom, 25 cents for a quart of whisky and 35 cents a dozen for beer; that these charges were for storage, serving the drinks, cooling the beer, etc., that he had during this time sent a lot of written orders together to Scott & Low at Ballinger and would have all of said orders filled and shipped to him in one package; that when he did this he would apportion the express charges among those having whisky in the shipment; that he never sold Blagg a drink of whisky, and that he

has no remembrance of his ever paying him 15 cents, but that if he did pay him 15 cents as he has testified that he did it when he got a drink of whisky, that it was his proportion of express charges on whisky that he had ordered; nor does he remember telling the witness at the time he got the drink of whisky and paid him the 15 cents, that it was for express charges, but that was the way it occurred if he paid him the 15 cents; that he could not remember every transaction occurring in his club, nor what was said at the time of such occurrence; but he did know he did not sell any whisky. Being crossed, the appellant stated that Blagg had gotten whisky from him a number of times before the transaction in question, but that it had always been ordered and belonged to Blagg; that he did not know whether he explained to Blagg when he accepted the 15 cents whether it was for express charges or not; that he did not remember doing so; that he did not think it was necessary always to explain such transactions; that there was no reason for his selling the whisky to Blagg when he had whisky that already belongd to him; that he does not remember of the witness paying him storage charges before this; but that the 15 cents he claims to have paid could not have been for that purpose, as he never charged less than 25 cents for storage charges; that he never would order less than a quart of whisky at a time for one man, and that he always sent the money for the whisky with the order; that the price never was less than $1.25 per quart, but usually $1.50 per quart. On redirect examination he says he did not remember all the transactions that took place in his club, and what was said at the time, but that he knows he did not sell the witness any whisky, and if he paid him the 15 cents, it was used to pay express charges on the quart of whisky theretofore ordered for the witness Blagg. Appellant further stated in his testimony that after filling the short quart out of the full quart, there would be left in the full quart just about a pint of whisky. Blagg was recalled, and denied any recollection of a conversation between himself and appellant in regard to express charges, and in fact did not remember what was said between them, and also denied making any verbal order for whisky after he had made the original order in December; that he had never made any other order for whisky except at the time he made the original order he told appellant to keep whisky on hand for him, but had gotten whisky at defendant's club at various times, and had gotten more than a quart of whisky from the time he made the written order up to the time he got the drink on which this case is predicated. He further stated on cross-examination that appellant might have said something about storage charges, but he did not remember it, and did not know anything about appellant's expectation that he, the witness, should pay storage or express charges, and had no recollection of appellant ever having explained these matters to him. This is the substance of the case.

Appellant asked, among other things, the following special charge: "You are further instructed that if you find from the evidence in this case that the witness Blagg instructed the defendant to keep whisky

ahead for him, and that the money delivered to defendant by the witness Blagg, if any, was accepted, by the defendant was used to pay express charges on whisky theretofore ordered by defendant for said Blagg, if any, or if you find that the defendant so understood that the money delivered to him, if any, was to be so applied, you will find the defendant not guilty, although you may find from the evidence that the witness Blagg understood that he was paying for the whisky that he then carried from the club, if any, or if you have a reasonable doubt thereof, you will return a verdict for the defendant." The court charged the jury that if they should find beyond a reasonable doubt that appellant sold Blagg the whisky, etc., he would be guilty, and further gave this charge: "You are instructed that it is no violation of the local option law for a person to order intoxicating liquor for another and pay for it for such other person with money furnished by such person, and if you believe from the evidence in this case that the money if any given by the witness Blagg to the defendant was used by the defendant to pay for whisky, or the express charges thereon, ordered by defendant for said witness Blagg, or if you have a reasonable doubt thereof you will return a verdict of not guilty." We are of opinion that the special charge requested by appellant is sufficiently covered by the charge given by the court, and there was no error in refusing the special instruction.

The question presented in the special instruction mentioned above was asked in other forms, but we deem it unnecessary to notice them as we are of opinion that the court sufficiently charged this phase of the case.

The motion to quash will not be discussed other than to state that the form of the pleading in this case has been held sufficient in previous decisions of this court, unless it be in the following particular: The information alleges that the election was held in 1903, in September; that the sale occurred on the 18th day of May, 1906, and that inasmuch as the information fails specifically to allege that the local option law had not been repealed by a subsequent election held at the expiration of two years, the pleader must positively allege the law was then in force, otherwise the pleading would be insufficient. While it would be more specific and better pleading perhaps to have so alleged, yet we are of opinion that the information sufficiently alleges a violation of the then existing law by virtue of the previous election. As we understand the rule to be, wherever a local option law is put into operation, the presumption is that it will continue in operation until a vote in the territory repeals it. If the existence of the law terminated under the previous election at the end of two years without an election setting it aside by provision of the statute, the presumption would be the other way, and in fact the law would then be the other way, but under the terms of the local option statute as it is, after the law has been put into operation, it must continue for two years, and may continue and does continue thereafter until it has been set aside by a vote within the given territory. In other words, when the local option law is once put into operation,

it so remains in force for two years necessarily, and thereafter until set aside by an election held for that purpose.   We are, therefore, of opinion that the information is not sufficiently defective in this respect to require its quashal or being set aside.

A bill of exceptions, recites that while one of appellant's counsel was addressing the jury defendant was permitted to be and was absent from the courtroom and out of the presence, sight and hearing of the court, jury and counsel, having gone to the closet adjoining the courtroom for five or six minutes.   When the fact of his absence was made known, the court stopped counsel in his argument, stating that the defendant was absent from the courtroom.   Thereupon counsel stated to the court that he did not waive the presence of the defendant; that he did not know of defendant's absence, and then and there objected to the proceedings had in defendant's absence; that in a few moments thereafter defendant was brought back into the courtroom by the sheriff, and the counsel proceeded with his argument.   This is urged as reversible error.   The statute, article 633, Code of Criminal Procedure, provides that "In all prosecutions for felonies, the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail.   It has been held under this statute to be improper practice to take any steps, or have any proceeding in a case when the defendant is not present, and it is material error and will render the proceedings void where such proceeding is had during the trial of a case in the absence of the accused.   It has also been held that a court could not alter or change the charge to the jury in the absence of or without the knowledge and consent of the accused; and that it is beyond the court's authority to discharge a jury in a felony case in the absence of the defendant, but this rule seems to be different in misdemeanor cases.   See Selman v. State, 33 Texas Crim. Rep., 631.   The cited case, however, was one in which imprisonment was not involved.   It has been held, however, that it is not necessary that the accused should be present when the special venire is drawn in a capital case, nor when the court acts upon his motion for a change of venue, nor when the clerk enters a judgment of conviction.   We are not aware of any case in which the court has gone to the extent of holding that where a defendant voluntarily retires from the courtroom to a closet for a few moments during argument of his counsel this would vitiate a conviction.   Without discussing the question of waiver, or how far that might effect appellant's contention here, we are of opinion that the facts stated in the bill are not violative of the article of procedure above quoted.   It is contended in the brief that if appellant could be absent one minute he might be absent during the entire trial.   This argument is more specious than real.   The case of Bell v. State, 32 Texas Crim. Rep., 436; 24 S. W. Rep., 419, cited by appellant, was where a defendant was taken by the sheriff from the courtroom and evidence of a witness introduced during his absence.   That case was correctly decided, and in our

opinion is not in point under the facts here suggested by the bill of exceptions. This is quite a different proposition from those important steps that would or might affect appellant's right to be present during the formation of the jury or introduction of evidence, or reading the charge, or overruling the motion for a new trial, for these matters would directly affect him or might do so, therefore, they come within the letter and spirit of the provision of our Code of Criminal Procedure. The only possible harm that could have occurred under the facts stated in the bill was of appellant's own making, in that he voluntarily withdrew himself from the courtroom to the water closet for a few moments and deprived himself of the right or the privilege of listening to the argument of his own counsel during the five or six minutes covering his absence. We do not believe this is sufficient to require this court to reverse the judgment.

There is another bill of exceptions which recites that after the jury had been considering their verdict about thirty minutes, they were brought into the courtroom by the sheriff, and through their foreman, Gordon, asked the court that the prosecuting witness Blagg be recalled in order that they might ask him what his testimony was upon a certain point, whereupon the court had Blagg recalled and thereupon the court stated that he would permit Gordon to ask the witness what his testimony was upon the point. Gordon asked the following question: "What did you testify you understood you were paying the defendant the 15 cents for when you paid it to him?" Appellant objected to this question and the form of it, which the court sustained, and informed Gordon that he would not permit the question to be answered in that form as it called for the conclusion and undisclosed understanding of the witness. Gordon then asked this question: "What did you testify that you paid the defendant 15 cents for?" Exception was reserved to this on the same grounds as to the previous question, and being overruled, the witness answered, "I got the drink of whisky and paid the defendant the 15 cents for it." The objections urged by appellant were, first, that said witness Blagg did not testify on the stand before as to what he was paying the defendant the 15 cents for when he gave it to him; second, that it was wholly irrelevant and immaterial what the witness' undisclosed intention and understanding was at the time he gave the defendant the 15 cents, being immaterial for any purpose, and, third, that his undisclosed understanding did not bind defendant but that only what was said and done at the time by the parties would be admissible in evidence against the defendant, and that it was but the opinion and conclusion of the witness. It will be noted that appellant objected that Blagg did not testify on the stand before as to what he was paying the defendant 15 cents for when he gave it to him. This is but a ground of objection, and not a statement of the fact that the testimony here repeated was different from what it was in his original testimony. In order to have shown that the testimony was different from what it was when originally stated, the bill should show the

difference, if any existed. In the absence of a showing that it was different, the presumption obtains that the court acted correctly in admitting it, and that the witness' testimony restated was the same as first delivered. The statute provides, article 735, Code of Criminal Procedure, that "If the jury disagree as to the statement of any particular witness, they may, upon applying to the court, have such witness again brought upon the stand, and he shall be directed by the judge to detail his testimony to the particular point of disagreement, and no other, and he shall be further instructed to make his statement in the language used in his examination as nearly as he can." This bill sufficiently shows, in our judgment, that the witness was recalled at the instance of the jury in regard to the above, about which he was asked to restate his testimony. The court approves this bill by stating that the prosecuting witness, Blagg, testified on direct examination that "I got the drink of whisky from the defendant and paid him 15 cents for it"; but on cross-examination he testified, "I cannot remember what was said at the time either by myself or by the defendant, and further I cannot say of my own knowledge what the 15 cents was to be applied for, whether to pay express charges on whisky theretofore ordered by me or not; that the defendant might have used it for all I know to pay the express charges on the quart of whisky ordered for me before; that I never paid the express charges if there was any owing by me, more than I paid when I made the order and neither had defendant said anything to me about owing express charges." So, under this qualification, as far as questioned, the witness seemed to have restated his testimony on the recall as he did on his original examination. The remainder of his testimony was not called for by the jury, nor asked to be restated by the defendant in connection with what the witness did state. So we are led to believe that the only disagreement between the jury was as to the language used by the witness in regard to what he stated at the time that he got the whisky. We are of opinion, therefore, as this bill is presented, there is shown no reversible error.

It is also contended in another bill of exceptions that there was error in permitting the witness, Blagg, to testify that he had gone into appellant's place of business a number of times before the transaction upon which this prosecution is predicated and got whisky from the defendant; that on one occasion he had gotten a pint of whisky, and a number of times had gotten drinks of whisky. The contention was that it was irrelevant and immaterial; that it did not show or tend to show system; was not a part of the res gestæ, did not identify the transaction in question in any manner, and did not show, nor tend to show criminal intention on the part of defendant. We are of opinion that under the peculiar facts of this case this testimony was admissible. It seems from the testimony that the witness, Blagg, had by written order requested and instructed appellant to send for a quart of whisky in December, for the payment of which he handed him $1.50. That he further stated that he desired that appellant should keep a sufficient amount of whisky

on hand for him so that he could get it when he desired to use it, but that this $1.50 was the only money that he gave appellant with which to order whisky.   There is no testimony, as we understand the record from either side, that there was ever any other money given appellant with which to order whisky except the $1.50 mentioned, and the testimony further shows that Blagg on several occasions got whisky either by the pint or by the drink from appellant.   It became then a part of the case to show whether or not the whisky obtained by the witness, Blagg, forming the predicate of this prosecution was part and parcel of the whisky appellant had ordered for Blagg, and it was material, in our judgment, and relevant to show these different transactions in order to arrive at the correct conclusion as to whether appellant was letting Blagg have his own whisky or whether he was selling it to him, and under the complicated and confused manner in which these matters were carried on and sales and purchases made, this testimony would tend to solve the question as to whether this particular transaction was a subterfuge or not, and viewing it from this standpoint, we are of opinion that the testimony was admissible.   This particular drink of whisky was secured sometime perhaps in the latter part of April, or in May; an order had been given the previous December, and if this was the only order made, and appellant had gotten all of the whisky so ordered prior to the time he purchased this whisky, this evidence became material to show or elucidate the fact or question.   We are of opinion, therefore, the court did not err.

The other questions presented have been decided adversely to appellant in the companion case of Killman v. State, No. 3681, decided at the present term of the court.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*