### Z. M. BROOKS v. THE STATE.

No. 3668. Decided October 13, 1915.

**1.—Soliciting—Procuring—Absence of Defendant.**

Where, upon trial of soliciting and procuring a female, the record showed that the defendant was in jail at the time his case was being argued to the

court on the question of an instructed verdict in his favor, the same was reversible error. Distinguishing Killman v. State, 53 Texas Crim. Rep., 570. Prendergast, Presiding Judge, dissenting.

### 2.—Same—Rule Stated—Presence of Defendant During Trial.

Under article 646, Revised Criminal Code, the defendant must be personally present on the trial in all prosecutions for felonies, and likewise in all cases for misdemeanors, where the punishment, or any part thereof, is imprisonment in jail.

Appeal from the County Court of Maverick. Tried below before the Hon. Ben V. King.

Appeal from a conviction of soliciting and procuring a female; penalty, a fine of $50 and six months confinement in the county jail.

The opinion states the case.

*David E. Hume,* for appellant.—Cited article 646, Revised Criminal Code, and cases collated thereunder.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited Washington v. State, 35 Texas Crim. Rep., 154; Cason v. State, 52 id., 220; Killman v. State, 53 id., 570.

DAVIDSON, JUDGE.—Appellant was convicted for soliciting and procuring Clara Brooks, a female, to be at a particular place, describing the place, for the purpose of meeting and having unlawful sexual intercourse with Percy Hamilton, a male person.

There was a square issue between the State and the defendant as to this matter on the facts. There is an issue presented by the record that defendant was absent during a part of the trial of his case. The facts in reference to this matter show that during the argument of defendant's attorney for instructed verdict, that is, between the hours of 2 p. m. and 3 p. m. the defendant was locked up in jail. As the deputy sheriff testified he was "locked up good and tight in the county jail." The jury went back into the courtroom at about 3 o'clock, about the same time the officer brought in the defendant. About 1:55 p. m. defendant's attorney submitted to the court a written motion for an instructed verdict, and began argument on said motion, which argument lasted about an hour, during which time neither the defendant nor the jury was present in the courtroom. As the defendant went in defendant's attorney was just concluding his argument for an instructed verdict. Defendant's attorney began said argument about 2 o'clock. This is the agreed statement of facts approved by the county judge in regard to that matter. It is also stated in the general statement of facts, which was filed on April 13, also made before the adjournment of court, that at 12:30 p. m. the court adjourned until 2 p. m., at which hour the defendant's attorney began his argument for an instructed verdict and concluded said argument at 3 p. m. At the conclusion of the argument the jurors and the defendant were brought into the courtroom. So the fact seems to be uncontroverted that defendant was locked up

in jail, as the deputy sheriff said, "good and tight" at the time his case was being argued to the court on the question of an instructed verdict in his favor. There was no question in this case like that in Killman v. State, 53 Texas Crim. Rep., 570. In that case the defendant voluntarily absented himself under the circumstances detailed in that opinion, and it was held, under the circumstances of that case, it was not reversible error, but in this case defendant's absence was forced by being locked up by the deputy sheriff in the county jail. The Revised Criminal Statutes, 1911, article 646, provide, "In all prosecutions for felonies the defendant must be personally present on the trial, and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment or any part thereof is imprisonment in jail." Part of the punishment in this case is imprisonment. By the terms of the statute the verdict of the jury allotted defendant six months in the county jail in addition to a fine of $50. The Killman case, supra, is not in point. The other authorities collated under the statute, we think, are in point, and requires a reversal of the judgment. For this reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE (dissenting).—The agreed statement of facts shows that all that was done during appellant's absence was that "at about 1:55 p. m. defendant's attorney submitted to the court a written motion for an instructed verdict, and began argument on said motion, which argument lasted about an hour, during which time neither the defendant nor the jury were in the courtroom,"—simply that and nothing more. No complaint of this was made at the time and no objection thereto was made until after the trial in the motion for a new trial. This is a misdemeanor case. I think this was no such proceeding, or part of the trial, as the statute contemplates can not be had in the defendant's absence. No possible injury is shown or even claimed to him. It was too late to complain after the trial.