

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0486-23

---

**ELIJAH TATES, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BRAZOS COUNTY

---

NEWELL, J., delivered the opinion of the Court in which SCHENCK, P.J., RICHARDSON, YEARY, WALKER, MCCLURE, FINLEY and PARKER, JJ., joined. YEARY. J., filed a concurring opinion in which SCHENCK, P.J., and PARKER, J., joined. PARKER, J., filed a concurring opinion in which SCHENCK, P.J., and FINLEY, J., joined. KEEL, J., filed a dissenting opinion.

### <u>OPINION</u>

Appellant appeared remotely via videoconferencing during the punishment phase of his trial. He did not object at trial but complained on

appeal that proceeding remotely violated his constitutional and statutory rights to be present at trial.[1] This requires us to consider whether Appellant forfeited the right to complain about his remote appearance on appeal by failing to object at trial. We conclude that the statutory right to be personally present during the punishment phase of trial is at least a category-two *Marin* right meaning it must be affirmatively waived and is not subject to forfeiture by failing to object at trial. The court of appeals correctly held that Article 33.03's right to personal presence is a waivable-only right. Therefore, although we agree with the State's contention that the court of appeals erred in its reliance on *Lira v. State* to reach this conclusion, we affirm.[2]

## **Background**

In January of 2020, Appellant was convicted by a jury of evading arrest with a prior conviction for evading arrest making the offense a state-jail felony.[3] He appeared in person for the entirety of the guilt-innocence proceedings. Before voir dire, Appellant notified the trial court that he elected to have the trial court to assess punishment if a verdict of guilty was returned.

---

[1] Although Appellant raised statutory and constitutional challenges on appeal, the court of appeals "resolve[d] the issue on statutory grounds," and "did not reach [Appellant's] constitutional challenges." *Tates v. State*, 692 S.W.3d 628, 635 (Tex. App. – Corpus Christi-Edinburg 2023, pet. granted). Our review thus concerns the statutory right to be personally present.

[2] On discretionary review, the State raised two issues both of which challenge the lower court's determination that the right at issue is waivable-only. Therefore, no other issue is properly before this Court.

[3] Tex. Penal Code Ann. § 38.04(b)(1)(A).

Both parties indicated to the jury during voir dire that the jury would not be assessing punishment in the event of a guilty verdict.

On January 29, 2020, the jury returned its verdict of guilt. Following the verdict, the State requested Appellant's bond be revoked pending sentencing. Appellant asked to be permitted to continue on bond noting his compliance with bond conditions and appearance at all court proceedings. The trial court revoked Appellant's pretrial bond, imposed a higher bail amount, and ordered GPS monitoring as a condition of further release. The proceedings were adjourned following the bond discussion.

Then COVID happened.

Appellant appeared before the trial court for the punishment phase of his trial on April 7, 2020. Appellant appeared via videoconferencing.[4] In the interim, Texas Governor Greg Abbott, pursuant to Section 22.0035(b) of the Texas Government Code, declared a state of disaster in all 254 counties in the State in response to the COVID-19 pandemic.[5] In response, the Texas Supreme Court, in conjunction with this Court, issued its First Emergency

---

[4] The record indicates that Appellant had been in the county jail since the trial court's imposition of the increased bond.

[5] The Governor of the State of Tex., Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094 (2020); Tex. Gov't Code § 22.0035(b) ("Notwithstanding any other statute, the supreme court may modify or suspend procedures for the conduct of any court proceeding affected by a disaster during the pendency of a disaster declared by the governor.").

Order Regarding the COVID-19 State of Disaster on March 13, 2020.[6]  The

Emergency Order provided in relevant part:

> 2. Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent:
>
>> a.  Modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than 30 days after the Governor's state of disaster has been lifted;
>>
>> b.  Allow or require anyone involved in any hearing, deposition, or other proceeding of any kind—including but not limited to a party, attorney, witness, or court reporter, but not including a juror—to participate remotely, such as by teleconferencing, videoconferencing, or other means;
>>
>> c.  Consider as evidence sworn statements made out of court or sworn testimony given remotely, out of court, such as by teleconferencing, videoconferencing, or other means;
>>
>> d.  Conduct proceedings away from the court's usual location, but in the county of venue, and only with reasonable notice and access to the participants and the public . . .[7]

This Emergency Order was in place when Appellant, who was in

custody, appeared for the punishment phase of trial.  Appellant's counsel

appeared in-person and attorneys for the State appeared remotely.  At the

outset of the hearing, Appellant's counsel informed the trial court that he had

---

[6] First Emergency Order Regarding the COVID-19 State of Disaster, Docket Nos. 20-9042 & 20-007, 596 S.W.3d 265 (Tex. 2020).

[7] *Id.*

not been able to meet with Appellant via a private virtual meeting room prior to the hearing.  A recess was taken and no further mention of the ability, or lack thereof, to confer virtually was made.  At no time did Appellant object or otherwise complain about appearing remotely.  Appellant entered a plea of not true to two enhancement paragraphs alleging he had been previously convicted of two felony offenses.  Each of the State's four punishment witnesses appeared via videoconferencing.  Appellant testified in his defense via videoconferencing and the defense called no other witnesses.  At the conclusion of the punishment hearing, the trial court found both enhancement paragraphs true and sentenced Appellant to five years imprisonment in the Texas Department of Criminal Justice along with court costs.  Appellant filed a notice of appeal.

## **Appeal**

Appellant made two arguments on appeal.  First, he challenged the trial court's refusal to provide a Section 38.23 exclusionary rule instruction to the jury.[8]  Second, he argued that the trial court violated his state and federal constitutional and state statutory rights by conducting the punishment hearing by videoconference.[9]  Only the second issue is relevant to our review.

At the outset, the court of appeals concluded that Appellant did not need to object to appearing remotely at sentencing in order to preserve the second

---

[8] *Tates*, 692 S.W.3d at 631.

[9] *Id.*

issue for its review.[10]  The court acknowledged that this Court has not determined whether the right to be personally present at during the punishment phase of trial is a category one, two, or three *Marin* right.[11] Looking to illegal sentence jurisprudence, however, the court of appeals held that the right to be personally present at sentencing implicates the legality of the sentence, and is therefore not subject to forfeiture by failing to object at trial.[12]  The court of appeals reasoned that "[t]he right to be sentenced legally [is] an absolute or waivable-only right."[13]  The court, looking to our decision in *Lira v. State,* noted "the *Lira* court recognized, a sentence rendered outside of the defendant's presence is not authorized by law."[14]  The court of appeals concluded that "the right to be present at sentencing implicates the legality of the sentence and is not forfeited by a failure to object at trial."[15]

Turning to the merits, the court of appeals acknowledged that a defendant may waive his or her statutory right to be present at a punishment proceeding or sentencing pursuant to Articles 33.03 and 42.14(b) of the Code

---

[10] *Id.* at 633-35.

[11] *Id.* at 634 ("If an alleged error falls into one of the first two *Marin* categories—that is, if it involves a violation of an absolute systemic requirement or a violation of a right that is waivable only—it may be raised for the first time on appeal.") (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)).

[12] *Id.*

[13] *Id.* (citing *Burg v. State*, 592 S.W.3d 444, 449 (Tex. Crim. App. 2020)).

[14] *Id.* (citing *Lira v. State*, 666 S.W.3d 498, 518 (Tex. Crim. App. 2023) (quoting *Casias v. State*, 503 S.W.3d 262, 264 (Tex. Crim. App. 1973)).

[15] *Id.* (citations omitted).

of Criminal Procedure.[16]   The court found Appellant's remote presence at sentencing was tantamount to being absent and that the record contained no evidence that there was a waiver or that the absence was voluntary.[17]   The court concluded that "because [Appellant] was not present for sentencing in a manner recognized or permitted by the code and the record does not support the existence of waiver . . . the trial court abrogated [Appellant's] substantive statutory right to be present at punishment and sentencing."[18]   The court of appeals sustained Appellant's second issue and remanded for a new sentencing hearing.[19]

## Discretionary Review

We granted the State's petition for discretionary review on two grounds:

1. The lower court erred when it ignored existing case law so that it could    create, in a publish[sic] opinion, a new waivable-only right to physical    presence under Article 33.03 that conflicts with decisions of the Court of  Criminal Appeals, the lower court, and other courts of appeals.

2. The lower court erred when it misappropriated this Court's analysis in *Lira* to rationalize creating, in a published opinion, a new requirement that a defendant must affirmatively waive this new waivable-only right to physical presence under Article 33.03 which conflicts with the Texas Supreme Court's Emergency Orders.

---

[16] *Id*. at 636.

[17] *Id.* at 637-38.

[18] *Id.* at 638.

[19] *Id.* at 638 (concluding that the statutory violation "warrant[ed] the same result as in *Lira*").

## **Standard of Review**

The lower court's decision in this case rests on the statutory right to be personally present at trial.[20]  Statutory construction is a question of law that we review *de novo*.[21]  Likewise, when a statutory right is invoked determining the appropriate *Marin* category for preservation purposes is also essentially a question of statutory construction.[22] When we interpret statutes, we presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible.[23]  Our focus is on the plain text of the statute and we attempt to discern to the fair, objective meaning of the text at the time of its enactment.[24]  Our duty is to interpret the work of our legislature as best we can to fully effectuate the goals they set out.[25]

## **Statutory Right to be Personally Present During the Punishment Phase of the Trial**

Several provisions of the Texas Code of Criminal Procedure discuss the right to be present at criminal proceedings.  The Code requires defendants be

---

[20] *Id.* at 635.

[21] *Ramos v. State*, 303 S.W.3d 302, 306 (Tex. Crim. App. 2009).

[22] *Proenza v. State*, 541 S.W.3d 786 (Tex. Crim. App. 2017).

[23] *Lira*, 666 S.W.3d at 505.

[24] *Ramos*, 303 S.W.3d at 306 (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

[25] *Lira*, 666 S.W.3d at 505.

personally present at trial.[26]  Article 33.03, which was "the crux" of Appellant's

argument on appeal,[27] provides in relevant part:

> In all prosecutions for felonies, the defendant must be personally present at trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, where the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

The Code also requires a defendant's presence for the pronouncement of

sentence.[28]  Article 42.03 provides that "[e]xcept as provided in Article 42.14,

sentence shall be pronounced in the defendant's presence."[29]  Article 42.14

provides that "[i]n a felony case, the judgment and sentence may be rendered

in the absence of the defendant *only* if:

(1)    The defendant is confined in a penal institution;

(2)    The defendant is not charged with a felony offense:

(A) that is listed in Article 42A.054(a); or

(B) for which it is alleged that:

(i) a deadly weapon was used or exhibited during the commission of the offense or during immediate flight from the commission of the offense; and

---

[26] Tex. Code Crim. Proc. Art. ann. 33.03.

[27] *Tates*, 692 S.W.3d at 636.

[28] Tex. Code Crim. Proc. 42.03, § 1(a).

[29] Tex. Code Crim. Proc. Ann. 42.03, § 1(b).

(ii) the defendant used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited;

(3) The defendant in writing before the appropriate court having jurisdiction in the county in which the penal institution is located:

(A) waives the right to be present at the rendering of the judgment and sentence or to have counsel present;

(B) affirms the defendant does not have anything to say as to why the sentence should not be pronounced and that there is no reason to prevent the sentence under Article 42.07;

(C) states that the defendant has entered into a written plea agreement with the attorney representing the state in the prosecution of the case; and

(D) requests the court to pronounce sentence in the case in accordance with the plea agreement;

(4) The defendant and the attorney representing the state in the prosecution of the case have entered into a written plea agreement that is made a part of the record in the case; and

(5) Sentence is pronounced in accordance with the plea Agreement . . ."[30]

The sentence must be pronounced in the defendant's presence absent a written waiver and other conditions being met.[31]

Under the plain terms of Article 33.03, Appellant had the right to be "personally present" at trial unless he voluntarily absented himself.[32]

---

[30] Tex. Code Crim. Proc. Ann. 42.14(b).

[31] *Id.*

[32] Tex. Code. Crim. Proc. Art. 33.03.

"Personally present" in this context means "in person."[33]  In 1856, the earliest codification of the criminal laws of Texas required that, [i]n every case of felony, the defendant shall be present in the court when any such proceeding is had. . ."[34]  In 1907, the Legislature introduced the concept of continuing after a defendant voluntarily absented themselves.[35]  In 1911, the Code of Criminal Procedure combined the personal presence requirement and voluntary absenting provisions in Article 899, which provided:

> In all prosecutions for felonies the defendant must be personally present at the trial . . . provided, that in all cases, the verdict of the jury shall be received by the court, and entered upon the records thereof in the absence of the defendant when such absence on his part is wilful or voluntary, and when so received, it shall have the same force and effect as if received and entered in the presence of such defendant.[36]

Under 42.03, the trial court was required to pronounce the sentence in the defendant's "presence" absent a written waiver.[37]  Like the right to be personally present at trial, the pronouncement rule was also included in the earliest version of the Code of Criminal Procedure.[38]

---

[33] Merriam-Webster's Collegiate Dictionary 924 (11th Ed. 2020) (defining "personally" as "in person").

[34] 1856 Tex. Crim. Stat. 540 ("In all prosecutions for felonies the defendant must be personally present on the trial; and he must likewise be present in all cases of indictment or information for misdemeanors where the punishment is imprisonment in Jail.").

[35] Acts 1907, 30th Leg., ch. 19, § 1, p. 31, eff. Mar. 15, 1907.

[36] 1911 Tex. Crim. Stat. 899.  The history of the statute thus supports the conclusion that the right to personal presence may be lost through waiver not forfeiture.

[37] Tex. Code Crim. Proc. Art. 42.03, § 1(a).

[38] 1856 Tex. Crim. Stat. 682 ("the judgement of the Court, in cases of felony, shall be entered, and sentenced pronounced in presence of the defendant . . .").  That is unsurprising given

**<u>Preservation</u>**

The issue before us is whether the court of appeals properly determined that Appellant did not forfeit his statutory complaint. Rule 33.1 of the Texas Rules of Appellate Procedure provides that a contemporaneous objection must be made to preserve error for review on appeal.[39] This Rule, however, only applies to forfeitable rights known as category-three *Marin* rights.[40] Rights and requirements, in terms of error preservation, are classified, pursuant to *Marin*, as: (1) absolute requirements and prohibitions that can neither be forfeited or waived; (2) rights of litigants which must be implemented unless expressly waived; and (3) rights of litigants which are to be implemented upon request.[41] Category-two waivable only rights are those rights understood to be "so fundamental to the proper functioning of our adjudicatory process as to enjoy special protection" such that the record must reflect that they have been "plainly, freely, and intelligently" waived a trial.[42] Category-two rights "must be implemented by the system unless expressly waived."[43] A claim that

---

that at common law personal presence was understood to be "essential to a valid trial and conviction on a charge of felony." *Crosby v. United States*, 506 U.S. 255, 259 (1993). As early as 1873, the Texas Supreme Court recognized that in a prosecution for a felony, "[t]he accused should not only be within the walls of the court house, but he should be present where the trial is conducted, that he may see and be seen, hear and be heard, under such regulations as the law established." *Brown v. State*, 38 Tex. 482, 485 (1873).

[39] Tex. R. App. P. 33.1.

[40] *Burg*, 592 S.W.3d at 449 (citing *Marin*, 851 S.W.2d at 279-80).

[41] *Proenza*, 541 S.W.3d at 792 (citing *Marin*, 851 S.W.2d at 279).

[42] *Id*.

[43] *Id.*

a waivable only right was violated can be raised for the first time on appeal. Error preservation requirements turn on the nature of the right allegedly infringed.[44]  With that, we turn to Article 33.03.

## Analysis

The text of Article 33.03 itself supports the conclusion that the right to in-person presence is a waivable-only right.[45]  Article 33.03 provides a defendant "must be personally present at trial."[46]  The plain text indicates a right to personal presence that must be implemented absent an exception.[47] Article 42.03 further supports the understanding that defendants have a waivable-only right to be present by providing the sentence "shall" be pronounced in the defendant's presence, which also imposes a duty on the trial judge rather than announcing a right the litigant must demand.[48]  The exception to the right to personal presence – voluntarily absenting oneself –

---

[44] *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014) (noting that the *Marin* categories turn on the nature of the right allegedly infringed).

[45] *Lira*, 666 S.W.3d at 513 ("Article 33.03 supports the conclusion that a defendant has a substantive right to personal presence that must be waived before a trial court is authorized to proceed remotely").

[46] Tex. Code Crim. Proc. Ann. art. 33.03.

[47] *See Marin*, 851 S.W.2d at 279-80 (describing waivable-only rights as those "rights of litigations which must be implemented by the system unless expressly waived" and those for which a defendant "need make no request for the implementation of . . .  as the judge has an independent duty to implement them absent an effective waiver by him").

[48] Tex. Code Crim. Proc. Ann. art. 42.03(a).

is a waiver of that right by action.[49]  Most importantly the exceptions to the mandatory requirement of personal presence in both statutes are couched in terms of an affirmative waiver by a defendant.  Neither provision has terms that support forfeiture by a defendant's inaction.

A principal characteristic of waivable-only rights, those rights that are understood to be fundamental to the proper functioning of the adjudicatory system, is that they cannot be extinguished by inaction alone.[50]  We recognized long ago, when considering Article 33.03's predecessor, that the nature of the statutory right to be present means one "cannot be deprived of these rights without consent," which are "beyond the power of the courts to disregard or ignore," rather "courts should see to it that these provisions of law are not violated during trials had before them."[51] If the defendant does

---

[49] *See Illinois v. Allen*, 397 U.S. at 337, 343 (1970) (holding "a defendant can lose his right to be present at trial if, after he has been warned . . . he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom."); *Snyder v. Mass.*, 291 U.S. 97, 106 (1934) ("No doubt the privilege (of personally confronting witnesses) may be lost by consent or at times even by misconduct."); *Diaz v. United States*, 223 U.S. at 442, 455 (1912) (holding that if a defendant voluntarily absents himself after a trial has begun in his presence it "operates like a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present.").  The Supreme Court has thus long considered voluntarily absenting oneself to be a waiver.

[50] *Marin*, 851 S.W.2d at 279-80.

[51] *Bell v. State*, 32 Tex. Crim. 436, 24 S.W. 418,  440 (1893) (discussing the statutory right for defendants to be personally present on the trial of all felonies). *See also Derden v. State*, 56 Tex. Crim. 396, 400, 120 S.W. 485, 486 (1909) (considering a defendant's challenge to a verdict rendered in his absence on appeal notwithstanding that no objection was raised before the trial court to the defendant's absence).

nothing, Article 33.03, like its predecessors, requires personal presence.[52]   A

defendant "need make no request at trial" to be present.[53]  Rather, he "must"

be personally present.[54]  Based on the statute's text and the Court's historical

interpretation of the statute's predecessors[55], we agree with the court of

---

[52] *Proenza*, 541 S.W.3d at 800-01 ("A law that puts a duty on the trial court to act *sua sponte*, creates a right that is waivable only") (citing *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004)).

[53] *See Marin*, 851 S.W.2d at 280 (recognizing that a litigant "need make no request" for the implementation of waivable rights and thus, "failure of the judgment to implement them at trial is an error which might be urged on appeal whether or not it was first urged in the trial court"). Category-three rights, on the other hand, are rights that must be implemented upon request. *Id.* at 279.

[54] Tex. Code Crim. Pro. Art. ann. 33.03.

[55] *See Gibson v. State*, 3 Tex. App. 437, 442 (1878) (reversing a conviction when defendant had not waived his right to be present at a hearing on his motion for new trial); *Shipp v. State*, 11 Tex. App. 46, 50 (1881) (noting that it was the duty of the court and the prosecuting attorney to ensure that the defendant be present in court when the trial court dealt with juror communications to the court); *Granger v. State*, 11 Tex. App. 454 (1882) (reversing case when an appellant was not present when the trial court altered a jury charge); *Mapes v. State*, 13 Tex. App. 85 (1882) (defendant's absence for the entry of a judgment *nunc pro tunc* rendered the judgment void); *Powers v. State*, 23 Tex. App. 42 (1887) (holding any error from defendant's absence during voir dire of veniremember was harmless because the veniremember did not serve on the jury); *Bell v. State*, 32 Tex. Crim. 436, 24 S.W. 418,  440 (1893) (holding that an accused cannot be deprived of his right to be present without his consent); *Hill v. State*, 54 Tex. Crim. 646, 14 S.W. 117 (1908) (interpreting predecessor to Art. 33.03 as requiring a personal waiver of the right to be present from the defendant when the jury in the defendant's murder trial asked to have certain testimony reproduced); *Derden v. State*, 56 Tex. Crim. 396, 400-03, 407, 120 S.W. 485, 487-88, 491 (1909) (holding that trial court could not return jury verdict in defendant's absence despite trial counsel's failure to object); *Gonzalez v. State*, 38 Tex. Crim. 62, 41 S.W. 605 (holding there was no error when trial court ruled on the defendant's motion for new trial in the defendant's absence because the defendant affirmatively declined the trial court's offer to re-urge it after setting the ruling aside); *O'Toole v. State*, 40 Tex. Crim. 578, 51 S.W. 244 (1899) (holding that defendant's temporary absence when the jury was empaneled did not result in error because the defendant declined the trial court's offer to re-empanel the jury in the defendant's presence); *Cason v. State*, 52 Tex. Crim. 220, 106 S.W. 337 (1907) (introducing evidence in defendant's absence was not error because the evidence was reintroduced in the defendant's presence); *Killman v. State*, 53 Tex. Crim. 570, 112 S.W. 92 (1908) (upholding conviction even though defendant voluntarily absented himself during a portion of his attorney's argument "without discussing the question of waiver"); *Foreman v. State*, 60 Tex. Crim. 576, 578, 132 S.W. 937, 938 (1910)(holding that defendant was entitled to have his motion for trial granted because evidence was inadvertently presented in his absence); *Brooks v. State*, 77 Tex. Crim. 517, 179 S.W. 447 (1915) (reversing a conviction in which the defendant was

appeals' conclusion that the right to personal presence at punishment proceedings is a substantive waivable-only right.

The State, on the other hand, asserts that a violation of the right to personal presence under Article 33.03 has been held to be forfeitable by this Court in *Routier v. State*.[56] The State argues that the lower court disregarded

---

absent during an argument for an instructed verdict and rejecting an argument that the error was forfeited by trial counsel's failure to object); *Crow v. State*, 89 Tex. Crim. 149, 230 S.W. 148 (1921) (holding that defendant's absence during jury selection required reversal even though trial counsel rejected the trial court's offer to bring the defendant back into court to discuss exusing a previously selected juror); *Sullivan v. State*, 90 Tex. Crim. 170, 174, 233 S.W. 986, 988 (1921) (op. on reh'g) (holding no error occurred when defendant voluntarily absented himself while evidence was introduced because the same evidence was re-introduced in his presence but noting that the right to be present cannot be waived for a defendant by his counsel); *Curl v. State*, 65 Tex. Crim. 431, 436, 145 S.W. 602, 606 (1912) (upholding conviction where defendant voluntarily absented himself when part of the charge was read to the jury and noting both that counsel failed to object and that the defendant consented to being absent); *Whitehead v. State*, 66 Tex. Crim. 482, 147 S.W. 583 (1912) (holding defendant had voluntarily absented himself during part of his attorney's opening statement); *Fry v. State*, 78 Tex. Crim. 435, 439-40, 182 S.W. 331, 333-34 (1916) (holding that defendant voluntarily absented himself during reading of "dynamite" charge to the jury); *Cartwright v. State*, 97 Tex. Crim. 230, 259 S.W. 1085 (1924) (prosecutor's display of an item of physical evidence to the jury in the courtroom in the defendant's absence was a harmless violation of statute requiring personal presence during trial); *Ballou v. State*, 113 Tex. Crim., 493, 494, 22 S.W.2d 666, 667 (1929) (treating voluntary absence as a species of waiver); *Ex parte Cassas*, 112 Tex. Crim. 100, 13 S.W.2d 869 (1929) (effectively holding that defendant who left the courtroom because he was intoxicated had voluntarily absented himself as his attorney argued the case, but also noting that the defendant failed to object); *Schafer v. State*, 118 Tex. Crim. 500, 502-02, 505, 40 S.W.2d 147, 149, 150 (1931) (holding that defendant's absence during jury communications with the court and noting that the defendant did not waive his statutory right to be present); *Henderson v. State*, 137 Tex. Crim. 18, 127 S.W.2d 902 (1939) (reversing misdemeanor conviction in which the trial court considered and overruled a defendant's motion despite the defendant's absence from court); *Lee v. State*, 144 Tex. Crim. 135, 161 S.W.2d 290 (1942) (holding that defendant's absence during a hearing on a motion for instructed verdict was not voluntary and reversing the defendant's conviction despite trial counsel's lack of objection); *Phillips v. State*, 163 Tex. Crim. 13, 288 S.W.2d 775 (1956) (holding that defendant did not waive his right to be present during hearing on his motion for new trial); *Gonzales v. State*, 515 S.W.2d 920, 921 (Tex. Crim. App. 1974) (treating voluntary absence as a species of waiver of a defendant's right to be personally present at trial); *Johnston v. State*, 477 S.W.2d 891, 893 (upholding conviction despite defendant's voluntary absence from trial while also noting that the defendant's attorney failed to object to the continuation of the trial in the defendant's absence).

[56] *Routier v. State*, 112 S.W.3d 554 (Tex. Crim. App. 2003).

*Routier* and misappropriated *Lira*'s analysis to create a new waivable-only right.  Consequently, the State argues, that the lower court created a new rule that a trial court is divested of authority to preside over a remote proceeding in the absence of an affirmative waiver.  Absent a timely objection, the State argues Appellant's challenge to remote presence at the punishment phase is waived.

The State contends we need only look to *Routier* to determine the right to personal presence at sentencing is in fact forfeitable.[57]  It is true that decades ago, in *Routier* we stated, without analysis, that by failing to object at the earliest opportunity the defendant failed to preserve her argument that the right to presence under Article 33.03 was violated when the trial court read and responded to a jury note in her absence.[58]  But the Court in *Routier* failed to even consider where the statutory requirement of a defendant's "personal presence at trial" fits within *Marin*'s categorization of rights before declaring the issue unpreserved.[59]  And the Court went on to consider the

---

[57] *Id.*

[58] *Id.* at 575.

[59] *Id.*  Indeed, in *Marin*, this Court explained that the error preservation requirements set out in Rule 33.1 of the Rules of Appellate Procedure only apply to the types of claims that are forfeitable through inaction and not claims involving violations of "fundamental" rights or rights that must be affirmatively waived by the defendant. *Marin*, 851 S.W.2d at 280. Unfortunately, the Court did not explain how reviewing courts should go about determining where particular rights or requirements fit into the *Marin* categorization scheme, so the inquiry appears to be undertaken on a case-by-case basis. *See, e.g., Gutierrez v. State*, 380 S.W.3d 167, 177 (Tex. Crim. App. 2012) (evaluating which *Marin* category a self-deportation condition of community supervision falls into).

merits of the Article 33.03 argument and concluded the trial court did not err "in accepting her attorneys' waiver of her appearance."[60]  Despite initially casting the issue as unpreserved, the Court found that a waiver of appearance had been made by counsel, which we held the trial court did not err to accept.[61]  Thus, *Routier* is not determinative as the State suggests.[62]  Rather, the Court's analysis supports the conclusion that an affirmative waiver is statutorily required.[63]

More recently, in *Hughes v. State*, we held the right to presence under the Due Process Clause was waivable only and thus, we could consider the defendant's argument that his right to presence was violated despite the lack of objection to remote proceedings.[64]  In that case, we held that the due process right to be present applies in hearings on motions to adjudicate guilt

---

[60] *Id.* at 576.

[61] *Id.* at 576-77 (noting that under both Article 33.03 and due process it was not shown that the waiver of presence given by counsel was erroneous).

[62] We acknowledge that in *United States v. Gagnon*, the Supreme Court found that a defendant's failure to object was relevant to whether he voluntarily absented himself under Rule 43 of the Federal Rules of Criminal Procedure for purposes of an *in-camera* conference. *United States v. Gagnon*, 470 U.S. 522, 528 (1985).  But, as the Supreme Court noted, "[i]f a defendant is entitled under Rule 43 [which contains an exception for conference or argument upon a question of law] to attend certain 'stages of trial' which do not take place in open court, the defendant or his counsel must assert that right at the time." *Id.* at 529.  The proceeding at issue, sentencing, is an adversarial proceeding that took place in open court and thus, is unlike the in-camera proceeding at issue in *Gagnon*.

[63] Relying on *Routier*, as the State suggests, would serve to exacerbate the confusion between an affirmative waiver and forfeiture through inaction, which *Marin* draws a distinction between. *Marin*, 851 S.W.2d at 278-79 (recognizing waivable only rights cannot be extinguished by inaction rather they require express waiver).  By failing to consider *Marin* in *Routier*, the Court conflates the two distinct concepts.

[64] *Hughes v. State*, 691 S.W.3d 504, 523 (Tex. Crim. App. 2024).

and the right was violated by remote proceedings on a motion to adjudicate.[65]

In concluding the error was waivable only, we noted that courts "have long treated the right to be present as subject to waiver (typically by the defendant's voluntary absence) regardless of the particular basis for the right, whether statute [Article 33.03], the Confrontation Clause, or even the Due Process Clause."[66]  While we do not base our decision on *Hughes*, we nevertheless point out that our position in this case is consistent with how we resolved the issue in *Hughes* when considering the due process right to be present during trial.

The court of appeals correctly held that the right to be present at sentencing is not forfeited by the failure to object at trial.[67]  However, we agree with the State that the court of appeals reached this conclusion by relying erroneously on our holding in *Lira* to conclude that the right to be present at punishment proceedings implicates the legality of the sentence.[68] An illegal sentence is one that is not authorized by law.[69]  The court of appeals relied upon *Lira*'s recognition that "a sentence rendered outside of the defendant's presence was 'no sentence at all'" to conclude a violation of the

---

[65] *Id.*

[66] *Id.* at 519-20.

[67] *Tates*, 692 S.W.3d at 634.

[68] *Id.*

[69] *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).

right to be present in this case implicated the legality of the sentence.[70] But that recognition in *Lira* came from *Casias v. State*, in which this Court dismissed an appeal because the sentence was not pronounced in the defendant's presence despite a waiver of the right to appear.[71] In that case, the Court held that a proper sentence is jurisdictional for an appeal and because jurisdictional matters cannot be waived, a sentence not pronounced in the defendant's presence, even with a waiver of appearance, was by "statutory definition [] no sentence at all."[72] *Casias* turned on the prior statutory definition of "sentence" contained in a prior version of Article 42.02, which defined "sentence" as "the order of the court in felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."[73]

However, that statutory definition of "sentence" was amended in 1981 to remove the presence element.[74] Likewise, today, the statutory definition

---

[70] *Tates*, 692 S.W.3d at 634 (citing *Lira*, 666 S.W.3d at 518).

[71] *Casias*, 503 S.W.2d at 265.

[72] *Id.* ("A purported sentence which does not meet all the elements of the statutory definition is no sentence at all.").

[73] Tex. Code Crim. Proc. Ann. art. 42.02 (1965).

[74] Act of June 8, 1981, 67th Leg., R.S., ch. 291, Tex. Gen. Laws 761, 809 (amending Article 42.02 to define "sentence" as "that part of the judgment, or order revoking a probated sentence, that orders that the punishment be carried into execution in the manner prescribed by law.").

of "sentence" does not include an element of presence.[75]  Indeed, if *Casias* controlled in this case, the proper disposition would have been for the lower court to dismiss the appeal for want of jurisdiction assuming a sentence pronounced remotely is akin to a sentence pronounced in the defendant's absence.  But *Casias* was about whether a proper "sentence" was pronounced, according to the statutory definition that controlled at the time, in order to vest the appellate court with jurisdiction.  While proper pronouncement of sentence may be jurisdictional for an appeal, neither *Casias* nor *Lira* mean that a violation of the right to be personally present during the punishment phase of trial renders the sentence illegal.

Finally, we must consider the effect of the Emergency Order. We recognized in *Lira* that the Supreme Court's Emergency Orders cannot suspend a substantive right.[76] To the extent the State argues recognizing Article 33.03's right to personal presence to be waivable only conflicts with the Emergency Orders, we disagree. Appellant had a substantive statutory right to be present at the punishment proceedings and he does not forfeit the

[75] Tex. Code Crim. Proc. Ann. art. 42.02 ("The sentence is that part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by  law.").

[76] *Lira*, 666 S.W.3d at 506 ("As we held in *Ogg*, the Supreme Court's Emergency Orders cannot suspend procedures designed to protect substantive rights. . . ") (citing *In re Ogg*, 618 S.W.3d 361, 364 (Tex. Crim. App. 2021) (recognizing that neither Government Code Section 22.0035(b), which authorizes the modification or suspension of procedures for the conduct of court proceedings during a disaster declared by the governor, nor the Emergency Orders themselves "purport to authorize courts to modify substantive rights").

ability to complain about a violation of that right on appeal by not objecting at trial. Rather, the right must be affirmatively waived.[77] That conclusion is consistent with our previous holdings regarding the Emergency Orders.[78]

## **Conclusion**

The statutory right to personal presence at punishment proceedings is a waivable-only right not one that is forfeitable through inaction. Therefore, although Appellant did not object to proceeding remotely before the trial court, the court of appeals correctly considered the error raised for the first time on appeal. Although we reject the court of appeals' reliance on *Lira* to conclude the legality of the sentence was implicated, we affirm the court of appeals' conclusion that Appellant did not forfeit his personal presence claim by failing to object at trial.[79]

---

[77] The State argues that Appellant consented in fact to proceeding remotely because neither Appellant nor his counsel indicated a need or preference for Appellant to be physically present. While we have not been entirely consistent on what amounts to a sufficient waiver of a *Marin* category 2 right, we decline the State's invitation to recast the failure to object as an affirmative waiver. *See Marin*, 851 S.W.2d at 280 (recognizing a litigant may "give [waivable rights] up" but are not "deemed to have done so in fact unless [the litigant] say so plainly, freely, and intelligently, sometimes in writing and always on the record"); *Routier*, 112 S.W.3d at 576 (concluding the defendant did not show that the trial court erred to accept her attorney's waiver of her presence); *compare with Hill v. State*, 54 Tex. Crim. 646, 14 S.W.117, 118-19 (1908) (interpreting Article 33.03's predecessor and refusing to accept trial counsel's purported waiver). In this case, there was no attempt at an affirmative waiver, so we need not address the question of what constitutes a sufficient affirmative waiver of a waiveable-only right.

[78] *Id.*

[79] Though it may seem counter-intuitive given that our discussion of the nature of the right at issue decides whether Appellant had a right to be personally present, we do not address the issue of whether the substantive right to be personally present was violated in this case because it is not clearly raised in the points of error we granted even though it is arguably raised in the State's briefing. Because we do not believe we are asked to address the remedy assessed below for what the court of appeals regarded as the trial court's error, we need not remand the case for the court of appeals to assess the question of harm.

Delivered: July 2, 2025

Publish